**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION – SINGLE SPORT / SINGLE SCHOOL (FOOTBALL) | ) ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:16-cv-08727<br><br>Judge John Z. Lee<br><br>Magistrate Judge David M. Weisman<br><br>This Document Relates to All Cases |

**AGREED MOTION FOR LEAVE TO DESIGNATE THREE (3) LEAD
COUNSEL FOR DEFENDANTS AND FOR AN EXTENSION OF TIME**

The National Collegiate Athletic Association (the "NCAA"), through its counsel, respectfully requests (i) leave for Defendants to designate three (3) Lead Counsel, (ii) an extension of time until October 26, 2016 for counsel to file statements of related cases pending in state or federal court, (iii) an extension of time until November 9, 2016 for the parties to file a proposed case management schedule, and (iv) that the initial pretrial conference currently scheduled for October 19, 2016 be rescheduled.[1] In support of this motion, the NCAA states as follows:[2]

1. On September 8, 2016, the Court issued CMO 4. See CMO 4 (Dkt. #1). In CMO 4, the Court set an initial pretrial conference for October 19, 2016 at 2:00 p.m. See id. ¶ 9.

---

[1] Unless otherwise defined, capitalized terms have the meaning ascribed to them in Case Management Order No. 4 ("CMO 4"). See CMO 4 (Dkt. #1).

[2] Pending designation of Lead Counsel by the Court, this motion is being filed by the NCAA. The NCAA's counsel, however, provided copies of this motion to counsel for all Defendants in advance of filing, and it is our understanding and belief that all Defendants and their counsel generally concur with the relief requested herein. A number of the other Defendants have nevertheless indicated that they intend to object to the assertion of jurisdiction in the transferor courts and that they will, when permitted, file motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(2). In concurring with the relief requested herein, those Defendants reserve and do not waive their objections to personal jurisdiction.

2. The Court further ordered Defendants to confer and seek consensus on the selection of two (2) candidates to serve as Lead Counsel for Defendants. See CMO 4 (Dkt. #1) ¶ 12(b). Once agreement is reached on Lead Counsel, Defendants are to file a designation of Lead Counsel with the Court. See id.

3. In addition, the Court ordered counsel to file by October 5, 2016 a statement listing all known related cases pending in state or federal court. See CMO 4 (Dkt. #1) ¶ 10(b).

4. In CMO 4, the Court also ordered counsel for the parties to hold a case management conference at which they are to confer and seek agreement regarding (i) the incorporation of discovery from the Arrington case, (ii) the aspects of Single Sport / Single School cases that may be amenable to consolidated treatment, (iii) the schedule for fact and expert discovery, and (iv) any other applicable topics specified by Fed. R. Civ. P. 26(f). See CMO 4 (Dkt. #1) ¶ 10(e). Following that conference, the parties are to then jointly file a proposed case management schedule by October 5, 2016 addressing these issues. See id. ¶ 10(f).

5. Pursuant to CMO 4, Defendants have conferred extensively regarding the selection of Lead Counsel, including multiple conference calls and one (1) in-person meeting. Those efforts have, in turn, required a fair amount of coordination, inasmuch as fifteen (15) Single Sport / Single School class actions have been consolidated as of the date of this submission and those fifteen (15) cases include as Defendants seven (7) different member schools and five (5) different conferences. After thorough consideration, however, the Defendants have determined that they would benefit from the appointment of three (3) Lead Counsel instead of the two (2) specified in CMO 4. The three (3) Lead Counsel would represent each of the three (3) categories of Defendants named in the Single Sport / Single School cases: (i) the NCAA; (ii) NCAA member schools; and (iii) the NCAA conferences. Although the

NCAA, NCAA member schools and NCAA conferences share many interests, Defendants in these categories are not necessarily similarly situated in all respects, and accordingly, we believe the designation of three (3) Lead Counsel would better ensure that the interests of all Defendants are represented by Lead Counsel.

6. Subject to approval by the Court, Defendants have tentatively agreed to the following Lead Counsel: (i) Mark S. Mester of Latham & Watkins for the NCAA; (ii) Matthew Kairis of Jones Day for the NCAA member institutions; and (iii) Michael Olsen of Mayer Brown for some or all of the conferences.[3] Defendants have also agreed for Johanna Spellman of Latham & Watkins to serve as Liaison Counsel for Defendants.

7. The NCAA believes that the goals of CMO 4 will be better served if permission for Defendants to appoint three (3) Lead Counsel is granted in advance of the submission of the proposed case management schedule and the initial pretrial conference before the Court.

8. In addition to the foregoing, nine (9) additional class actions were filed in other jurisdictions shortly before the Court issued CMO 4. These nine (9) actions were filed against the NCAA, three (3) additional conferences and one (1) additional member institution (for a total of twenty-four (24) class actions against eight (8) conferences and eight (8) member institutions).[4] Moreover a number of additional class actions have been filed since the Court

---

[3] Several of the conferences have been served recently or are in the process of being served. As a result, the question of whether Mr. Olsen will act as Lead Counsel for most or all of the conferences has not yet been resolved.

[4] See Davison v. Southeastern Conference, et al., Case No. 1:16-cv-02333 (S.D. Ind.); Ford v. Southeastern Conference, et al., Case No. 1:16-cv-02336 (S.D. Ind.); Gallon v. Atlantic Coast Conference, et al., Case No. 1:16-cv-02334 (S.D. Ind.); Harrison v. Ohio Valley Conference, et al., Case No. 1:16-cv-02337 (S.D. Ind.); Hawkins v. Pac-12 Conference, et al., Case No. 3:16-cv-05056 (N.D. Cal.); Hill v. University of Miami, et al., Case No. 1:16-cv-02339 (S.D. Ind.); Johnson v. Conference USA, et al., Case No. 1:16-cv-02341 (S.D. Ind.); Richardson v.

(continued…)

issued CMO 4, and we understand that Plaintiffs' counsel intend to file additional class action cases this month.

9. We also understand that a majority of the Defendants named in the actions referred to in Paragraph 8 have not yet been served. In addition, we understand that Plaintiffs' counsel intend to file this week with the Judicial Panel on Multidistrict Litigation tag-along notices for the new cases referred to in Paragraph 8. We respectfully submit that it would be beneficial if the Defendants named in these new suits were served and otherwise able to participate in the initial pretrial conference and if these newly-filed cases were transferred to this Court by the Multidistrict Panel before that conference.

10. Given the above, the NCAA requests an extension of time for Defendants to finalize their selection of Lead Counsel and to hold the case management conference with Plaintiffs' counsel, following which a proposed case management schedule can and will be submitted to the Court. The NCAA also requests an extension of time for counsel to file statements listing all known related cases pending in state or federal court.

11. Counsel for the NCAA have conferred with Plaintiffs' counsel. Based upon those communications, we understand that Plaintiffs' counsel have no objection to the appointment of three (3) Lead Counsel for Defendants and to the requested adjustment of the schedule.

WHEREAS, the NCAA respectfully requests (i) leave for Defendants to designate three (3) Lead Counsel for Defendants, (ii) an extension of time until October 26, 2016 for counsel to file statements of related cases pending in state or federal court, (iii) an extension of time until November 9, 2016 for the parties to file a proposed case management schedule, and (iv) the

---

(…continued)
Southeastern Conference, et al., Case No. 1:16-cv-02342 (S.D. Ind.); Washington v. Big 12 Conference, et al., Case No. 1:16-cv-02358 (S.D. Ind.).

rescheduling of the October 19, 2016 initial pretrial conference to accommodate the foregoing.

The NCAA further requests whatever other relief the Court deems appropriate.

Dated: October 5, 2016　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Mark S. Mester*
　　　　　　　　　　　　　　　　　　　　　Lead Counsel for Defendant
　　　　　　　　　　　　　　　　　　　　　National Collegiate Athletic Association

Mark S. Mester
　　mark.mester@lw.com
Johanna M. Spellman
　　johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

## **CERTIFICATE OF SERVICE**

I, Mark S. Mester, certify that on October 5, 2016, a true and correct copy of the forgoing AGREED MOTION FOR LEAVE TO DESIGNATE THREE (3) LEAD COUNSEL FOR DEFENDANTS AND FOR AN EXTENSION OF TIME was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

*/s/ Mark S. Mester*
Mark S. Mester Mark S. Mester
   mark.mester@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
