**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION-SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) | MDL No. 2492<br><br>Master Docket No. 16 C 8727<br><br>Original N.D. Ill. Dkt. Nos.: 16-cv-5270, 16-cv-5986, 16-cv-5988, 16-cv-7320, 16-cv-7321, 16-cv-7322, 16-cv-7323, 16-cv-7324, 16-cv-7325, 16-cv-7326, 16-cv-8579, 16-cv-8581, 16-cv-8582, 16-cv-8583, 16-cv-8584<br><br>Judge John Z. Lee<br><br>Magistrate Judge David M. Weisman<br><br>This Document Relates to N.D. Ill. Docket Nos.: 16-cv-5270, 16-cv-5986, 16-cv-5988, 16-cv-7320, 16-cv-7321, 16-cv-7322, 16-cv-7323, 16-cv-7324, 16-cv-7325, 16-cv-7326, 16-cv-8579, 16-cv-8581, 16-cv-8582, 16-cv-8583, 16-cv-8584 |

## MOTION FOR APPOINTMENT OF CO-LEAD CLASS COUNSEL

Jay Edelson
jedelson@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Sol Weiss
sweiss@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: 215.735.2098
Fax: 215.875.7701

Robert A. Clifford
rclifford@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
Tel: 312.899.9090
Fax: 312.345.1565

*Counsel for Plaintiffs and the Proposed Classes*

I.     INTRODUCTION

Pursuant to CMO-4, (dkt. 1, ¶ 12), and Federal Rule of Civil Procedure 23(g), Plaintiffs from the 15 "Single Sport/Single School" actions presently consolidated before this Court (collectively, "Plaintiffs"), respectfully select and move for the appointment of their counsel, Jay Edelson of Edelson PC ("Edelson") and Sol Weiss of Anapol Weiss ("Weiss") (collectively "Proposed Lead Counsel") as co-lead counsel of the Single Sport/Single School track in this MDL.

The Single Sport/Single School Case track was created as a result of Edelson's involvement and appointment as lead objector in *In re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, Master Docket No. 13-cv-9116 (the "Original Action"). As the Court is well-aware, Edelson's involvement in the Original Action has centered squarely on preserving class members' rights to assert personal injury ("PI") claims on a class-wide basis. To that end, Edelson (i) moved to be appointed lead counsel of the class PI claims, (Original Action dkt. 50), (ii) filed objections to the "medical monitoring" settlement agreements that would have waived—without providing any corresponding benefits whatsoever—class PI claims, (Original Action dkts. 178-1, 183, 201), and (iii) negotiated with the NCAA and Class Counsel on the preliminarily approved settlement agreement in the Original Action, ultimately preserving the single-sport/single-school PI class claims now in this track. (Dkt. 1, ¶ 2.)

In seeking appointment as lead counsel of the Single Sport/Single School track, Edelson now seeks to prosecute the same PI claims he worked to preserve. He is joined by Weiss, who was appointed as co-lead counsel in the *In re: National Football League Players' Concussion Injury Litigation*, where he successfully prosecuted substantially similar class PI claims of former NFL players and helped achieve a landmark settlement on their behalf.

1

Both Edelson and Weiss have filed class PI actions that are—or soon will be—consolidated within the Single Sport/Single School track, and both more than satisfy the "main criteria for appointment" identified by the Court. (Dkt. 1 ¶ 12.) As such, they can appropriately be and should be appointed Lead Counsel here.

## II. PROPOSED LEAD COUNSEL SATISFY THE COURT'S CRITERIA FOR APPOINTMENT.

### A. Proposed Lead Counsel Are Committed to Prosecuting and Resolving the Single Sport/Single School Cases.

Foremost, there can be no question that Proposed Lead Counsel are fully committed to the claims at issue in the Single Sport/Single School cases. As described above, Edelson's efforts in the Original Action—all of which were made on behalf of current and former NCAA athletes who have concussion-related PI claims—were aimed at avoiding the effective wholesale waiver of a massive amount of liability (i.e., in exchange for the provision of medical monitoring benefits of questionable value, which could not even be realized by the vast majority of class members, to say nothing of the fact that the settlement provided zero benefits on account of personal injuries) and led to the creation of the Single Sport/Single School track. Following those efforts, Edelson and his co-counsel began filing cases on behalf of dozens of clients (and thousands of proposed class members)—15 of which are presently consolidated before the Court, and at least 29 of which should be consolidated within the following weeks. And finally, as a result of his efforts on behalf of former NCAA athletes, Edelson is now representing the interests of hundreds of former NCAA football players who are committed to the successful prosecution of these cases.

Likewise, Weiss is also committed to the successful prosecution of the Single Sport/Single School actions, and represents thousands of former NCAA football players with claims arising from concussion-related personal injuries. Weiss brings an extraordinary level of

2

knowledge and experience not only in the NFL Concussion Injury Litigation, but the years of prosecuting closed head injuries against helmet manufacturers and other corporations whose products catastrophically injure consumers. This background readily demonstrates his and his firm's knowledge of the issues, law, and science that will bear on the Single Sport/Single School cases, in addition to his ability to successfully prosecute the PI claims of the current and former NCAA players at issue here. Further, and to Proposed Lead Counsel's knowledge, Weiss is the only other firm to have filed a putative class action that will, once transferred, be consolidated with the other Single Sport/Single School cases. *See Walker v. The Mid-America Intercollegiate Athletics Assoc., et al.*, No. 1:16-cv-02595-LJM-TAB (S.D. Ind.).

Together—and as particularly demonstrated by their prior appointments as lead counsel over similarly complex litigations, (*see* Exhibit A (firm resume of Edelson PC) and Exhibit B (firm resume of Anapol Weiss))—Edelson and Weiss have the resources and commitment required to effectively prosecute the Single Sport/Single School actions.

      **B.**      **Proposed Lead Counsel Have a Demonstrated Record of Working Cooperatively in These and Other Complex Cases.**

As with their commitment to prosecution of the Single Sport/Single School PI claims, Proposed Lead Counsel have also demonstrated their ability to work cooperatively in prosecuting this matter. At the outset, both Edelson and Weiss have been appointed as lead (or co-lead) of numerous other MDLs and complex cases and, in each case, stressed cooperation *both* amongst plaintiffs' and defense counsel. (*See* Exs. A and B.) In fact, Edelson has been praised on the record by the likes of Judge Pallmeyer for his and his firm's ability to work cooperatively with both other plaintiffs' and defense counsel. Edelson's efforts in *these* cases are no exception. While Edelson took up adversarial positions to both Class Counsel and the NCAA with respect to the initial settlement agreements presented in the Original Action, his ability to work

3

cooperatively with both sides—through informal (email, calls, meetings, etc.) and formal (mediation efforts with Judge Andersen at JAMS) means—resulted in the modified (and significantly improved) settlement of the Original Action that is now before the Court.[1]

Similarly, Weiss's recent work in the *In re NFL Concussion Injury Litigation* required years of cooperative efforts on both sides of the "v," including by directing the cooperative efforts between settlement subclasses—each of which had divergent interests—that were represented by independent counsel.

Likewise, both Proposed Lead Counsel have spearheaded efforts to coordinate between the plaintiffs and defendants with respect to the requirements set out in CMO-4 and look forward to presenting the Court with their views on how to most efficiently prosecute these actions.

    **C.    Proposed Lead Counsel Are Highly Experienced in Prosecuting and Resolving Complex Class Litigations.**

Finally, and as noted above, Proposed Lead Counsel each have significant professional experience prosecuting and resolving claims of similar complexity as the Single School/Single Sport actions. That experience has resulted in the frequent appointment of both attorneys (and others from their firms) as lead counsel in numerous MDLs, among other complex cases. (*See* Exs. A and B.) As such, there can be no doubt that Proposed Lead Counsel's prior experiences will be of great benefit here.

**III.    PROPOSED LEAD COUNSEL DESIGNATE SHANNON MCNULTY AS LIAISON COUNSEL.**

Finally, Proposed Lead Counsel designate Shannon McNulty as Plaintiff's liaison counsel for the Single School/Single Sport cases. Ms. McNulty is a partner of Clifford Law

---

[1] As a result of Edelson's objections and related efforts in the Original Action, the modified settlement now features—among other changes—a $70,000,000.00 non-reversionary fund (whereas before, all unused funds would revert to the NCAA) and also does not force participating class members to waive rights to pursue PI claims on a class basis.

Offices—a cornerstone of the Chicago legal community since 1984—and is well suited to handle the tasks of Liaison counsel identified by this Court in CMO-4. (*See* Exhibit C (Clifford Law Offices Firm Resume).) Just as important, Proposed Lead Counsel has worked directly with Ms. McNulty and the Clifford Law Offices on numerous matters, both in state and federal court, and is confident that their working relationship will result in net efficiencies here.

In short, Shannon McNulty and the Clifford Law Offices have the resources, experience, and ability to ensure that these matters are handled as efficiently as possible.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Jay Edelson and Sol Weiss as co-lead counsel for the Single-Sport/Single-School track, appoint Shannon McNulty as Plaintiff's liaison counsel, and order such other and further relief that the Court deems reasonable and just.

Respectfully submitted,

Dated: October 5, 2016                By: /s/ Jay Edelson
                                          One of Plaintiffs' Attorneys

Jay Edelson
jedelson@edelson.com
Benjamin H. Richman
brichman@edelson.com
Benjamin Thomassen
bthomassen@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

5

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Sol Weiss
sweiss@anapolweiss.com
David S. Senoff
dsenoff@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street
Suite 1600
Philadelphia, PA 19103
Tel: 215.735.2098
Fax: 215.875.7701

Robert A. Clifford
rclifford@cliffordlaw.com
Shannon M. McNulty
smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
Tel: 312.899.9090
Fax: 312.345.1565

*Counsel for Plaintiffs and the Proposed Classes*

## **CERTIFICATE OF SERVICE**

  I, Jay Edelson, an attorney, certify that on October 5, 2016, I served the above and foregoing by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                     /s/ Jay Edelson