# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION-SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) | MDL No. 2492<br><br>Master Docket No. 16 C 8727<br><br>Judge John Z. Lee<br><br>Magistrate Judge David M. Weisman<br><br>This Document Relates to All Cases. |

## RESPONSE REGARDING MOTION FOR AN EXTENSION OF TIME

Plaintiffs do not oppose an extension of time until Monday, November 14th for the Parties to submit a proposed case management order to the Court. Nevertheless, they feel compelled to respond to the odd and factually incorrect footnote on the last page of the NCAA's Motion for Extension of Time. (Dkt. 63.)

First and to allay any concerns the Court may now have, until now (and Plaintiffs expect going forward as well) the Parties have worked cooperatively and productively to prepare a proposed case management order and litigate this case in an efficient way more generally. As the NCAA correctly notes, the Parties have already reached agreement on many of the issues to be addressed in the proposed order and both sides appear confident that it will be finalized in a matter of days.

Plaintiffs, however, dispute the NCAA's suggestion that they are the cause of any delay here. To be clear, from the time the Court entered CMO-4, Plaintiffs have been ready to discuss their thoughts on a proposed case management order and schedule (i.e., in line with the initial deadlines set by the Court). But, and without assigning any blame, Plaintiffs also understand that counsel for Defendants have the unenviable task of coordinating amongst several, independently

represented groups. On that basis, Plaintiffs were more than happy to give Defendants more time to identify lead counsel for their various sub-groups and, at the same time, agree to the Defendants' prior request for more time to submit a proposed case management order to the Court. (*See generally*, Dkt. 23.)

And with respect to the specific issues identified in footnote 2 of the NCAA's Motion, Plaintiffs were also not the source of any delay as the NCAA suggests. The Parties indeed held a conference call on October 27, 2016 to discuss case management issues. That call was coordinated through an email chain, wherein proposed lead counsel for Plaintiffs (Jay Edelson and Sol Weiss) initially reached out, on October 19th, to the three tentative lead attorneys for the NCAA (Mark Mester), athletic conferences (Michael Olsen), and individual schools (Matthew Kairis), along with Defendants' proposed liaison counsel (Johanna Spellman). On the day after the call, October 28th, counsel for Plaintiffs (Ben Thomassen) circulated, by the same email chain, a draft proposed case management order and schedule to the group. Due to an as-of-then unidentified error caused by a previous response from defense counsel—whereby, in responding to the email chain on October 25th, the email addresses for Mr. Mester, Ms. Spellman, and Mr. Olsen were somehow altered[1]—only Mr. Kairis received Plaintiffs' initial draft order.[2]

Having heard nothing from the group, counsel for Plaintiffs (Ben Thomassen) requested a status update on November 2, 2016. After learning that counsel for the NCAA hadn't received the previously-circulated draft order (including from the other lead counsel for Defendants), Plaintiffs discovered the email address issue discussed above, re-circulated the draft case management order to all Defendants, and identified the October 25th email address error, by

---

[1] Notably, Plaintiffs' counsel never received any notification that the e-mails to Mr. Mester, Ms. Spellman or Mr. Olsen were undeliverable.
[2] In other words, even with the e-mail issue, defense counsel received the draft order from Plaintiffs as promised and 12 days in advance of the extended deadline to file it with the Court.

2

telephone, to Ms. Spellman. After further discussion, counsel for the NCAA circulated the Defendants' first proposed revisions to the draft order and to Plaintiffs' counsel on November 9th at 2:30 P.M. Central (i.e., on the date the document was due and 12 days after Mr. Kairis initially received Plaintiffs' draft).[3]

      *      *      *      *

Again, Plaintiffs do not oppose the relief sought in Defendants' motion. As noted above, Plaintiffs' counsel understands and appreciates the difficult logistical issues faced by the Defendants in these consolidated cases. *See*, *e.g.*, Motion ¶ 4. That said, Plaintiffs expect that, moving forward, the Parties will endeavor to and seek relief from the Court without needless (and baseless) finger pointing.

                 Respectfully submitted,

Dated: November 10, 2016        By: /s/ Benjamin H. Richman
                     One of Plaintiffs' Attorneys

                 Jay Edelson
                 jedelson@edelson.com
                 Benjamin H. Richman
                 brichman@edelson.com
                 Benjamin S. Thomassen
                 bthomassen@edelson.com
                 J. Dominick Larry
                 nlarry@edelson.com
                 EDELSON PC
                 350 North LaSalle Street, 13th Floor
                 Chicago, Illinois 60654
                 Tel: 312.589.6370
                 Fax: 312.589.6378

---

[3]   Earlier today, Plaintiffs circulated their additional revisions to the draft order to all lead counsel for Defendants.

Rafey S. Balabanian
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Sol H. Weiss
sweiss@anapolweiss.com
David S. Senoff
dsenoff@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 N. 18th Street, Suite 1600
Philadelphia, Pennsylvania 19103
Tel: 215.790.4550
Fax: 215.875.7733

Jeff Raizner
jraizner@raiznerlaw.com
RAIZNER SLANIA LLP
2402 Dunlavy Street
Houston, Texas 77006
Tel: 713.554.9099
Fax: 713.554.9098

William Winingham
winingham@wkw.com
WILSON KEHOE WININGHAM LLC
2859 North Meridian Street
Indianapolis, Indiana 46208
Tel: 317.920.6400
Fax: 317.920.6405

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2016, I served the above and foregoing ***Response Regarding NCAA's Motion for an Extension of Time*** by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system. For those parties not registered with the Court's CM/ECF system, the foregoing documents were served via First Class Mail or electronic mail.

                                          /s/ Benjamin H. Richman