**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION-SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) | MDL No. 2492<br><br>Master Docket No. 1:16-cv-08727<br><br>Judge John Z. Lee<br><br>Magistrate Judge David M. Weisman<br><br>This Document Relates to All Cases |

**CASE MANAGEMENT SCHEDULE**

Pursuant to this Court's Case Management Order No. 4, Dkt. #1 ¶ 10(f) ("CMO-4"),

Plaintiffs Kerry Bonds, *et al.* ("Plaintiffs") and Defendants National Collegiate Athletic

Association ("NCAA"), *et al.* ("Defendants" and collectively with Plaintiffs, the "Parties")

hereby submit this proposed Case Management Schedule.

**I.      INCORPORATION OF DISCOVERY FROM *ARRINGTON V. NCAA*
         (NO. 1:11-CV-06356)**

The Parties have agreed to the incorporation of the discovery in *Arrington v. NCAA* (No.

1:11-cv-06356) in its entirety and have agreed to make use of that discovery to the fullest extent

possible.  Any duplication of discovery will be strongly disfavored. Notwithstanding, the Parties

agree that discovery beyond that taken in *Arrington* is necessary for the adjudication of the

*Single Sport/Single School* cases.

**II.     CONSOLIDATION OF SINGLE SPORT/SINGLE SCHOOL CASES**

The Parties have conferred and agree that the *Single Sport/Single School* cases should be

consolidated for pre-trial purposes in the manner contemplated by CMO-4 and should proceed

pursuant to the sampling process described below.  *See* CMO-4 at 4.  To aid the Parties in the

initial selection of sample cases, the Parties agree that initial disclosures shall be made in two

phases.

The Parties agree that phase one disclosures need not include all information set forth in

Fed. R. Civ. P. 26(a)(1), except that phase one disclosures shall include, in all applicable cases:

(i)     Consistent with Rule 26(a)(1)(A)(iv), Defendants' disclosure of information
        (including actual copies if available) sufficient to identify any insurance
        agreement(s) under which an insurance business may be liable to satisfy all or
        part of a possible judgment in each action or to indemnify or reimburse for
        payments made to satisfy any judgment.

(ii)    Defendants' disclosure of information sufficient to identify (including actual
        copies if available) any written concussion management policies and/or written
        procedures during the relevant class periods, to the extent such information is
        within a Defendant's possession, custody or control.

(iii)   Plaintiffs' disclosure of their full names, current states of residence and year(s) of
        participation in their respective football programs.

(iv)    Plaintiffs' disclosure of information sufficient to identify current and former
        medical providers, along with copies of medical records relating to the injuries
        identified in each Plaintiff's Complaint, to the extent such information is within
        such Plaintiff's possession, custody or control.

Phase one disclosures shall be made no later than 45 days following the entry of this Order,

although the Parties agree that the production of insurance agreements, concussion management

policies or procedures and medical records may be made on a rolling basis as they and

information related thereto are located and otherwise become available.

On or before December 9, 2016, each Plaintiff shall provide Defendants with an executed

Release and Right of Access Authorization for records protected by the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA"), the Family Educational Rights and

Privacy Act of 1974 ("FERPA") and any similar State law.

Phase two disclosures shall pertain to the sample cases selected in the manner described

below.  Phase two disclosures shall include any information set forth in Fed. R. Civ. P. 26(a)(1)

2

that has not been disclosed previously regarding the sample cases, and shall be made no later than 30 days following selection of the sample cases.

### III. USE OF SAMPLE CASES FOR LITIGATION THROUGH MOTION PRACTICE AND ORDER(S) ON CLASS CERTIFICATION

Because the ultimate direction of the Single Sport/Single School cases will turn on whether Plaintiffs can state a claim and certify their respective proposed classes (*i.e.*, against the NCAA, a particular athletic conference and/or where applicable, a single institution) and because the evidence Plaintiffs will use to support any motion for class certification will involve overlap between individual cases (*e.g.*, pertaining to the discovery of relevant NCAA, athletic conference, and institution practices and policies), the Parties agree that the use of sample cases to test the viability of the Single Sport/Single School cases through class certification is appropriate and will promote judicial efficiency.

To meet these ends, the Parties have agreed to the following process:

**A.** **Selection of sample cases for pleadings, motions and class certification.** To give the Parties the most insight as to whether any of the Single School/Single Sport cases can proceed as viable cases and class actions and to make the most efficient use of the already-available *Arrington* discovery, the Parties have agreed to proceed with four (4) sample cases. Plaintiffs will select the first sample case. Defendants will select the second sample case within two (2) days of Plaintiffs' selection of the first sample case. Plaintiffs will select the third sample case within two (2) days of Defendants' selection of the second sample case. Defendants will select the fourth sample case within two (2) days of Plaintiffs' selection of the third sample case.

**B.      Substitution of sample cases.**

In the event that a sample case is dismissed involuntarily, the Party that chose that sample case shall have the option to select a case to substitute for that sample case.  In the event that a Named Plaintiff voluntarily dismisses a sample case or is replaced by another plaintiff in a sample case, the Party that selected that sample case shall have the option to select a case to substitute for that sample case, subject to the Court's agreement, provided that the other Party shall be entitled to oppose the selection of a substitute sample case.  Litigation of any new sample cases through an order on class certification will then follow the schedule outlined below, including the opportunity for Defendants in any new sample case to file and obtain rulings on motions on the pleadings before any discovery commences.

**C.      Schedule on first sample proposed class actions through class certification.**

Pursuant to the Parties' agreement, the following deadlines will govern the first sample cases identified by the Parties:

| Event | Deadline |
|---|---|
| Deadline for Plaintiffs to select first sample case | January 24, 2017 |
| Deadline for the Parties to file with the Court their selection of sample cases | January 31, 2017 |
| Deadline for Defendants to respond to complaints in the sample cases (including by motions to dismiss) | 45 days after selection of sample class actions |
| Joinder of Additional Parties | 3 months after rulings on any motions to dismiss sample cases |
| Amendment of Pleadings | 6 months after rulings on any motions to dismiss sample cases unless another deadline is set by the Court based on rulings on motions to dismiss |

| Event | Deadline |
| --- | --- |
| Completion of Fact Discovery | 12 months after rulings on any motions to dismiss sample cases |
| Plaintiffs' Expert reports in support of motion for class certification to be served | 15 days after close of fact discovery |
| Plaintiffs' motion(s) for class certification to be filed | 45 days after close of fact discovery |
| Defendants' deadline to depose Plaintiffs' expert(s) | 60 days after service of expert report(s) |
| Defendants' responses in opposition to Plaintiffs' motion(s) for class certification to be filed | 60 days after service of Plaintiff's motion(s) for class certification |
| Defendants' expert reports in opposition to Plaintiffs' motion(s) for class certification to be served | 60 days after filing of Plaintiffs' motion(s) for class certification |
| Plaintiffs' deadline to depose Defendants' expert(s) | 45 days after service of Defendants' expert report(s) |
| Plaintiffs' deadline to file replies in support of class certification | 60 days after filing of Defendants' response(s) |
| Plaintiffs' deadline to serve rebuttal expert report(s) | 45 days after service of Defendants' expert reports (i.e., same day as class certification reply) |
| Defendants' deadline to depose Plaintiffs' rebuttal expert(s) | 30 days after service of rebuttal expert reports |
| Parties' deadline to file joint status report regarding appropriate next steps in the litigation | 30 days after a ruling on class certification |

**D.**     The Parties agree that discovery shall be stayed in each sample case until a ruling

by the Court on any motion on the pleadings is issued for that specific case – *i.e.*, if a ruling is

issued in one sample case but not the other three, discovery in that sample case may proceed per

the schedule proposed above.  Any discovery after the Court's rulings shall be focused on class

certification issues and such merits-related issues as inform the question of whether a class satisfies the requirements of Fed. R. Civ. P. 23.

E.     No motions with respect to venue or personal jurisdiction shall be filed in any of the cases that are not selected as sample cases until further order of the Court providing a procedure for the adjudication of such issues.

F.     The cases not selected as sample cases shall remain stayed unless and until they are selected to proceed.  The Parties stipulate and agree that by agreeing to the procedures set forth herein, the Parties in the non-selected cases do not waive and expressly preserve all available rights, arguments, claims and defenses (including but not limited to those with respect to venue, personal jurisdiction and any argument falling under Fed. R. Civ. P. 12(b)(6)).  To that end, the Court will issue an order expressly holding that any and all available defenses (including but not limited to venue, personal jurisdiction and any argument falling under Fed. R. Civ. P. 12(b)(6)) are preserved for the Defendants in the non-selected cases until such time as the Court shall lift such stay and provide a procedure for the adjudication of such defenses for the Defendants in the non-sample cases.

## IV.     DISCOVERY LIMITATIONS FOR CLASS DISCOVERY

The Parties named in the sample cases selected according to the procedure specified above shall be allowed to take up to 10 depositions of and serve up to 25 interrogatories on each adverse Party in such cases.

## V.     ESI PRODUCTION AND CONFIDENTIALITY

No later than the date on which the Parties serve their initial disclosures, the Parties must confer and file with the Court one or more proposed orders governing (a) confidentiality of sensitive information, (b) confidentiality and handling of information protected by HIPAA, the FERPA and any similar State law, (c) discovery (including collection and production of) ESI,

6

including formats and search methodologies, and (d) the inadvertent disclosure of privileged or

otherwise protected material.

11/30/16                                    John Z. Lee


Dated: November 14, 2016                    Respectfully submitted,

                                            /s/ Mark S. Mester
                                            Lead Counsel for Defendant
                                            National Collegiate Athletic Association

Mark S. Mester
mark.mester@lw.com
Johanna M. Spellman
johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767


Dated: November 14, 2016                    Respectfully submitted,

                                            /s/ Michael A. Olsen
                                            Lead Counsel for NCAA Conference Defendants

Michael A. Olsen
molsen@mayerbrown.com
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711


Dated: November 14, 2016                    Respectfully submitted,

                                            /s/ Matthew A. Kairis
                                            Lead Counsel for NCAA Member Institution
                                            Defendants

7

Matthew A. Kairis
makairis@jonesday.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, Ohio 43215
Telephone:  (614) 469-3939
Facsimile:  (614) 461-4198


Dated: November 14, 2016                    Respectfully submitted,

                                   */s/ Jay Edelson*
                                   Counsel for Plaintiffs

| | |
|---|---|
| Jay Edelson | Sol Weiss |
| jedelson@edelson.com | sweiss@anapolweiss.com |
| Benjamin H. Richman | ANAPOL WEISS |
| brichman@edelson.com | One Logan Square |
| Benjamin Thomassen | 130 North 18th Street, Suite 1600 |
| bthomassen@edelson.com | Philadelphia, Pennsylvania 19103 |
| J. Dominick Larry | Telephone:  (215) 735-2098 |
| nlarry@edelson.com | Facsimile:  (215) 875-7701 |
| EDELSON PC | |
| 350 North LaSalle Street, 13th Floor | |
| Chicago, Illinois 60654 | |
| Tel:  312.589.6370 | |
| Fax:  312.589.6378 | |