**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION – SINGLE SPORT / SINGLE SCHOOL (FOOTBALL) | ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:16-cv-08727<br><br>Judge John Z. Lee<br><br>Magistrate Judge David M. Weisman<br><br>This Document Relates to All Cases |

**STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER**

To facilitate the production and receipt of information in this action, Plaintiffs Kerry Bonds, et al. (collectively "Plaintiffs") and Defendants National Collegiate Athletic Association, et al. (collectively, "Defendants") have stipulated and agreed, through their respective counsel, to the entry of an Order pursuant to Federal Rule of Civil Procedure 26(c) for the protection of protected health information that may be produced or otherwise disclosed during the course of this action by any party or non-party to this proceeding. Accordingly, pursuant to Rule 26(c) and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a stipulated qualified protective order and ORDERS as follows:

1. "HIPAA" is defined herein as the Health Insurance Portability and Accountability Act of 1996, codified primarily at Sections 18, 26 and 42 of the United States Code, and "Privacy Standards" is defined herein as the Standards for Privacy of Individually Identifiable Health Information, codified at 45 C.F.R. §§ 160 and 164.

2. Confidentiality is required by HIPAA for all medical and mental health records and is necessary to protect private medical information of the Plaintiffs and/or members of the proposed classes.

3. As used in this Order, "Protected Health Information" has the meaning set forth in 45 C.F.R. §§ 160.103 and 164.501. Protected Health Information includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

4. As used in this Order, "Covered Entity" has the meaning set forth in 45 C.F.R. § 160.103.

5. This Court authorizes any Covered Entity who is served with a subpoena or discovery request in this litigation to disclose Protected Health Information in response to such request or subpoena. This Order is intended to authorize such disclosures pursuant to 45 C.F.R. § 164.512(e) of the Privacy Regulations issued pursuant to HIPAA.

6. Further, pursuant to 45 C.F.R. § 164.512(e)(1)(v), the parties agree and the Court orders that this Order is also a Qualified Protective Order and all parties and their attorneys are hereby:

(a) Prohibited from using or disclosing the Protected Health Information for any purpose other than this litigation for which the Protected Health Information was requested, including any appeal thereof; and

(b) Required to return to the Covered Entity or to destroy the Protected Health Information (including all copies made) obtained in this litigation within thirty (30) days of the entry of final judgment not subject to further appeal, except that counsel are not required to secure the return or destruction of Protected Health Information submitted to the Court.

2

7. A producing party may designate a document as Protected Health Information for protection under this Order by placing or affixing the words "PROTECTED HEALTH INFORMATION - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Protected Health Information.

8. Protected Health Information may be disclosed only to the Named Plaintiff(s) and not to any other member of a proposed class unless and until a class including the putative member has been certified.

9. The parties and counsel for the parties shall not disclose or permit the disclosure of any Protected Health Information obtained in this litigation to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the parties and their counsel shall be permitted to use or disclose Protected Health Information to the following categories of persons:

    (1) **Counsel**. Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

    (2) **Parties**. Individual parties and employees of a party but only to the extent counsel determine in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3) **The Court and its personnel**;

    (4) **Court Reporters and Recorders**. Court reporters and recorders engaged for depositions;

(5) **Contractors**. Those persons specifically engaged for the limited purpose of making copies of documents, providing electronic data support, providing translation services, organizing documents, processing documents or reviewing documents, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound;

(6) **Consultants and Experts**. Consultants, investigators or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) **Witnesses at depositions**. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Protected Health Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts;

(8) **Insurers**. Insurance businesses that may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment in this action, and counsel for such insurance businesses, but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound; and

    (9)  **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

  10.  Prior to disclosing Plaintiff's and/or members of the putative classes' Protected Health Information to persons involved in this litigation, counsel shall inform each such person that such disclosed Protected Health Information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving such Protected Health Information do not use or disclose such information for any purpose other than this litigation.

  11.  Except as otherwise provided in this Order, documents designated as Protected Health Information shall be treated as Confidential Information in accordance with the Agreed Confidentiality Order in this proceeding.

  12.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties and persons made subject to this Order by its terms.

  13.  This Order does not control or limit the use of Protected Health Information pertaining to Plaintiff or a member of the proposed classes that comes into the possession of the parties or their attorneys from a source other than a Covered Entity.

  14.  Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization or other lawful process.

  15.  This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Protected Health Information under seal.

16. Nothing in this Order is intended to alter the designation of any document as Protected Health Information that was made pursuant to the Stipulated Qualified HIPAA Protective Order entered in <u>Arrington v. NCAA</u>, Case No. 1:11-cv-06356 (N.D. Ill.) (Dkt. #56) (the "<u>Arrington</u> Qualified HIPAA Order"). The parties to <u>In re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litig. – Single Sport/Single School (Football)</u>, MDL. No. 2492, Case No. 1:16-cv-08727 (N.D. Ill.) are bound to treat materials designated as "PROTECTED HEALTH INFORMATION - SUBJECT TO PROTECTIVE ORDER" under the <u>Arrington</u> Qualified HIPAA Order consistent with the terms of the <u>Arrington</u> Qualified HIPAA Order, which is attached hereto as Attachment B.

17. Nothing in this Order is intended to indicate or suggest that Protected Health Information is in fact relevant to this litigation. Further, this Order does not limit any party's ability to challenge the relevance of Protected Health Information.

*So Ordered.*

Dated: 8/24/17

                                        */s/ John Z. Lee*
                                        U.S. District Judge John Z. Lee

| | |
|---|---|
| **WE SO MOVE and agree to abide by the terms of this Order** | **WE SO MOVE and agree to abide by the terms of this Order** |
| Date: <u>February 3, 2017</u> | Date: <u>February 3, 2017</u> |
| COUNSEL FOR PLAINTIFFS | COUNSEL FOR DEFENDANT |

By: */s/ Jay Edelson* (w/ consent)
    Lead Counsel for Plaintiffs

Jay Edelson
jedelson@edelson.com
Edelson PC
350 North La Salle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Sol Weiss
sweiss@anapolweiss.com
Anapol Weiss
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: 215.735.2098
Fax: 215.875.7701

By: */s/ Mark S. Mester*
    Lead Counsel for National Collegiate
    Athletic Association

Mark S. Mester
mark.mester@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 606511
Tel: 312.876.7700
Fax: 312.993-9767


By: */s/ Michael A. Olsen* (w/ consent)
    Lead Counsel for NCAA Conference
    Defendants

Michael A. Olsen
molsen@mayerbrown.com
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois 60606
Tel: 312.782.0600
Fax: 312.701-7711


By: */s/ Matthew A. Kairis* (w/ consent)
    Lead Counsel for NCAA Member
    Institution Defendants

Matthew A. Kairis
makairis@jonesday.com
JONES DAY
325 John H. McConnell Boulevard
Suite 600
Columbus, Ohio 43215
Tel: 614.469.3939
Fax: 614.461.4198

**ATTACHMENT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION – SINGLE SPORT / SINGLE SCHOOL (FOOTBALL) | ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:16-cv-08727<br><br>Judge John Z. Lee<br><br>Magistrate Judge David M. Weisman<br><br>This Document Relates to All Cases |

**ACKNOWLEDGMENT OF UNDERSTANDING AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER dated _____ in the above-captioned action and attached hereto, understands the terms thereof and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER and understands that the terms of the STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER obligate him/her to use materials designated as Protected Health Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Protected Health Information to any other person, firm or concern.

2

The undersigned acknowledges that violation of the STIPULATED QUALIFIED HIPAA PROTECTIVE ORDER may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____

Case: 1:16-cv-08727 Document #: 237 Filed: 08/24/17 Page 9 of 9 PageID #:1031