**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION – SINGLE SPORT / SINGLE SCHOOL (FOOTBALL) | ) ) ) ) ) ) ) ) ) | MDL No. 2492  Master Docket No. 1:16-cv-08727  Judge John Z. Lee  Magistrate Judge M. David Weisman  This Document Relates to All Cases |

**ORDER ESTABLISHING
ELECTRONIC DISCOVERY PROTOCOL**

After conferring on these matters, the parties hereby propose to the Court the following stipulated order ("Stipulated Order") for production of electronic discovery. IT IS HEREBY ORDERED:

**I.     DEFINITIONS**

    A.     The "Litigation" means the above-captioned case.

    B.     "Electronically stored information" or "ESI," as used herein, means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media. Non-limiting examples of ESI include:

- Digital communications (e.g., e-mail, voicemail, instant messaging);
- E-Mail Server Stores (e.g., Lotus Domino .NSF or Microsoft Exchange .EDB);
- Word processed documents (e.g., Word or WordPerfect files and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);

- Calendar and Diary Application Data (e.g., Outlook PST, blog entries);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations);
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files;
- Backup and Archival Files (e.g., Veritas, Zip, .GHO); and
- Cloud-based or other virtualized ESI, including application, infrastructure and data.

C. "Hard Copy Discovery" means any document or thing discoverable under Fed. R. Civ. P. 26(b)(l) and Fed. R. Civ. P. 34 that cannot be characterized as ESI.

D. "Document" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records or data compilations — stored in any medium from which information can be obtained.

E. "E-mail" means an electronic means for communicating written information through non-telephone systems that will send, store, process and receive information.

F. "Format" means the internal structure of a file, which defines the way it is stored and used.

G. "Native Format" means the format of ESI in the application in which such ESI was originally created.

H. "Producing Party" means a party that produces documents.

I. "Receiving Party" means a party to whom documents are produced.

J. "Responsive Document" means any document, excluding source code, that is responsive to any document requests served on the Producing Party in the Litigation that the Producing Party has agreed to produce or that the Producing Party has been ordered to produce by the Court.

K.     "Tagged Image File Format" or "TIFF" refers to the single-page CCITT Group IV graphic file format for storing bit-mapped images, with multiple compression formats and resolutions.

## II.     VARIATIONS

In light of the varying and disparate data systems and architectures employed by the parties, as well as the costs associated with their potential use of outside e-discovery vendors, variations from this Order may be required. In the event that any party identifies a circumstance where application of this Order is not technologically possible or practicable, the Producing Party will disclose to the Requesting Party the reason(s) for, and circumstances surrounding, the need to vary from this Order, and the parties will meet and confer in an effort to reach agreement on an appropriate deviation from this Order. In the event that the Parties cannot reach agreement, the matter may be submitted to the Court for determination.

## III.     HARD COPY DISCOVERY

Hard copy documents shall be produced in the format provided in Appendix A – Production Format Protocol.

## IV.     ELECTRONICALLY STORED INFORMATION

The parties agree to the following procedures regarding ESI and production formats:

A.     **ESI Of Limited Accessibility.**  If a Producing Party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that party shall timely identify such ESI with reasonable particularity and shall provide the Receiving Party with the basis for declining to produce such ESI. The parties shall negotiate in good faith concerning the production of any such ESI.

B. **Sources.** Notwithstanding anything to the contrary herein, the following document types are not discoverable in this Litigation except upon a showing of good cause, and the parties shall have no obligation to preserve data contained in the following forms:

1. Recorded voice messages, including voicemail in the Avaya Voice Player (.lvp) or WAVE (.wav) file formats, other than recorded voice messages that were created before 2010 and still exist.

2. Instant messaging communications, including Skype communications, other than instant messaging communications that were created before 2010 and still exist.

3. Back-up tapes or other long-term storage media that were created strictly for use as a data back-up or disaster recovery medium, other than such media that was created before 2010 and still exists.

4. Temporary data stored in a computer's random access memory (RAM) or other ephemeral data that are difficult to preserve without disabling the operating system.

5. Deleted, slack, fragmented or other data only accessible by forensics.

6. On-line access data or any browser cache, history, or cookie data, including but not limited to temporary Internet files.

7. Logs of calls made from mobile devices.

8. Server, system or network logs.

9. Data remaining from systems no longer in use that is unintelligible on systems in use.

      10.    Data in a computer trash or recycle bin, other than such data that was created before 2010 and still exists.

Nothing in this Section IV.B shall preclude a party from identifying data described in this Section as not reasonably accessible pursuant to Section IV.A.

## V. SEARCH TERMS FOR COLLECTING ELECTRONIC DOCUMENTS

The Parties will cooperate in good faith regarding the disclosure and formulation of appropriate search terms and protocols in advance of any search to collect ESI. With the objective of limiting the scope of review and production and thereby reducing discovery burdens, the parties shall meet and confer as early as possible and in advance of any producing party search commencement in order to discuss, *inter alia*:

      A.    Pre-search-commencement disclosure of all search terms, including semantic synonyms. Semantic synonyms shall mean without limitation code words, terms, phrases or illustrations, acronyms, abbreviations or non-language alphanumeric associational references to relevant ESI or information that may lead to relevant ESI.

      B.    Post-search error sampling and sampling/testing reports.

The parties will continue to meet and confer regarding any search process issues as necessary and appropriate. This ESI protocol does not address or resolve any other objection to the scope of the parties' respective discovery requests.

## VI. PRIVILEGE AND WORK PRODUCT CLAIMS

      A.    **Privilege Log.** For any document withheld in its entirety or produced but redacted on the grounds of privilege, immunity or similar claim, the Producing Party will produce privilege logs, except that the parties shall have no obligation to log information generated or exchanged after the date of commencement of this lawsuit.

B. **Privilege Log Contents.** For each document withheld or redacted, the Producing Party's privilege logs shall include the following information, when available: (1) the name and capacity of each individual from whom and to whom a document and any attachments were sent (including which persons are lawyers); (2) the date of the document and any attachments; (3) the type of document; (4) the Bates numbers of the document, (5) the nature of the privilege asserted; and (6) a description of the document and its subject matter in sufficient detail to determine if the attorney-client privilege or work-product doctrines apply.

C. **Protocols for Logging E-mail Chains.** Any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim can be logged as one document and shall be identified by the top-most e-mail in the chain that is withheld or redacted. The parties shall not be required to log identical copies of an e-mail that is included in a chain that has been logged in accordance with this Paragraph.

D. **Other Privilege Issues.** All other issues of privilege, including the production of privileged or protected documents or information, shall be governed by the Agreed Confidentiality Order entered by the Court in this litigation.

VII. **LIMITATIONS ON PRODUCTION**

The parties will endeavor to produce documents in a reasonably timely manner and in accordance with the timelines set forth in the Federal Rules of Civil Procedure. The parties recognize, however, that strict adherence to those requirements may not be possible in all situations and with all data. Production in the Litigation is anticipated to be conducted on a rolling basis with parties making reasonable efforts to expedite the process. If either party feels production has been unreasonably delayed, the parties agree to confer via telephone or in person to reach a mutually agreeable consensus prior to court involvement.

Notwithstanding the other provisions of this Order, the parties to actions not selected as "sample" cases pursuant to Sections III.A or III.B of the Court's November 30, 2016 Case Management Schedule (Dkt. #91) shall be treated as third parties for purposes of discovery issued in the sample cases.

## VIII. MISCELLANEOUS

A. This Order is not intended to govern any protections or restrictions related to the production of privileged litigation material. The parties have separately addressed the process for handling the production of privileged litigation materials in the Agreed Confidentiality Order and Stipulated Qualified HIPPA Protective Order.

B. When documents are recalled under the clawback provision of the Agreed Confidentiality Order, the parties shall follow the specific protocol set forth in the Agreed Confidentiality Order and the receiving party shall ensure that all copies of each such document are appropriately removed from its document review system.

C. If a document that has been designated as Confidential Information under the Agreed Confidentiality Order is printed for any reason, only the TIFF image will be printed, except where no TIFF image has been provided pursuant to Sections III.A and III.B, *supra*. If a document is used in a deposition, filing, hearing or any other proceeding in this case, only the TIFF image will be printed and used, except where no TIFF image has been provided pursuant to Sections III.A and III.B, *supra*.

*So Ordered.*

Dated: 8/24/17

_____
U.S. District Judge John Z. Lee

7

**WE SO MOVE and agree to abide by the terms of this Order**

Date: February 24, 2017

COUNSEL FOR PLAINTIFFS

By: */s/ Jay Edelson* (w/ consent)
    Lead Counsel for Plaintiff

Jay Edelson
jedelson@edelson.com
EDELSON PC
350 North La Salle Street, 13th Floor
Chicago, Illinois 60654
Telephone: 312.589.6370
Facsimile: 312.589.6378

Sol Weiss
sweiss@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: 215.735.2098
Facsimile: 215.875.7701

**WE SO MOVE and agree to abide by the terms of this Order**

Date: February 24, 2017

COUNSEL FOR DEFENDANT

By: */s/ Mark S. Mester*
    Lead Counsel for National Collegiate
    Athletic Association

Mark S. Mester
mark.mester@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 606511
Telephone: 312.876.7700
Facsimile: 312.993-9767

By: */s/ Michael A. Olsen* (w/ consent)
    Lead Counsel for NCAA Conference
    Defendants

Michael A. Olsen
molsen@mayerbrown.com
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, Illinois 60606
Telephone: 312.782.0600
Facsimile: 312.701-7711

By: */s/ Matthew A. Kairis* (w/ consent)
    Lead Counsel for NCAA Member
    Institution Defendants

Matthew A. Kairis
makairis@jonesday.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, Ohio 43215
Telephone: 614.469.3939
Facsimile: 614.461.4198

## APPENDIX A

## PRODUCTION FORMAT PROTOCOL

### IX. PRODUCTION OF ELECTRONICALLY STORED INFORMATION (ESI)

A. **Load files.** Except where noted in section (L) below, all ESI is to be produced in electronic format, with file suitable for loading into a compatible litigation support review database. All productions will include both image and metadata load files, as described below in Paragraph III, Load File Format.

B. **Metadata Fields and Processing.** Each of the metadata and coding fields set forth in Paragraph IX that can be extracted from a document shall be produced for that document. The Parties are not obligated to create metadata if none exists for a document. The Parties are not obligated to populate manually any of the fields in Paragraph IX if such fields cannot be extracted from a document, with the exception of the CUSTODIAN, PRODVOLID, and TIMEZONE, which shall be populated by the Producing party.

C. **System Files.** Common system and program files based on the current NIST standards need not be processed, reviewed or produced.

D. **Email.** Email shall be collected in a manner that maintains reliable email metadata and structure. Whenever possible, email shall be collected from the Producing Party's email store or server. Metadata and "header fields" shall be extracted from email messages.

E. **De-Duplication.** Removal of duplicate documents shall only be done on exact duplicate documents (based on MD5 or SHA-1 hash values at the family level). De-duplication will be performed globally across data sets. The information identifying all custodians associated with a given document will be produced as a metadata field.

F. **Thread Suppression.** The parties may, if they so choose, use email thread suppression to reduce duplicative production of email threads by producing the most recent email containing the thread of emails, as well as all attachments within the thread. If an email thread splits into two separate threads, then both threads shall be included in the production. If an email has an attachment and subsequent replies omit that attachment, then the original email with the attachment shall also be included in the production.

G. **TIFFs.** Single-page Group IV TIFF images shall be provided using at least 300 DPI print setting. Each image shall have a unique file name, which is the Bates/control number of the document. Original document orientation shall be maintained *(i.e.,* portrait to portrait and landscape to landscape). TIFFs will show any and all text and images that would be visible to the reader using the native software that created the document. Documents containing color need not be produced initially in color. However, if an original document contains color necessary to understand the meaning or content of the document, the Producing party will honor reasonable requests for a color image of the document.

H. **Microsoft "Auto" Feature and Macros.** Microsoft Office applications, including Word, Excel and PowerPoint, may contain "auto" feature settings that would cause a document date or similar information within the document, file names, file paths, etc. to automatically update when processed. If the Producing Party identifies "auto date", "auto file name", "auto file path" or similar features within the documents that would deliver inaccurate information for how the document was used in the ordinary course of business, a TIFF image that would render the words "Auto Date", "Auto File Name", "Auto File Path" or similar words that describe the "auto" feature shall be produced. Similarly, if a document contains a "macro", the document shall be branded with the word "Macro".

I. **Embedded Objects.** Non-image files embedded within documents, such as spreadsheets within a PowerPoint, will be extracted as separate documents and treated like attachments to the document in which they were embedded. Graphic objects embedded within documents or emails, such as logos, signature blocks, and backgrounds are not required to be extracted as separate documents.

J. **Compressed Files.** Compression file types (*e.g.,* .CAB, .GZ, .TAR, .Z, .ZIP) shall be decompressed in a manner that ensures a container within a container is decompressed into the lowest uncompressed element resulting in individual files. The container file itself shall not be produced.

K. **Text Files.** For each document, a single text file shall be provided along with the image files and metadata. The text file name shall be the same as the Bates/control number of the first page of the document. Electronic text must be extracted directly from the native electronic file unless the document was redacted, an image file, or a physical file. In these instances a text file created using OCR in Unicode format will be produced in lieu of extracted text.

L. **Redaction.** If a file that originates in ESI needs to be redacted before production, the file will be rendered in TIFF, and the TIFF will be redacted and produced. Alternatively, when redacting in .tiff image is not practical, such as with database files or audio files, the Producing Party may redact and produce ESI natively by clearly identifying the content that has been redacted in the native file. The Producing party will provide searchable text for those portions of the document that have not been redacted.

M. **Native Files.** Various types of files, including but not limited to spreadsheets, presentation documents, media files, documents with embedded media files, documents with "macros", etc., lose significant information and meaning when produced as an image. Any files that are produced in native format shall be produced with a Bates-numbered TIFF image slip-sheet stating the document has been produced in native format, as well as all extracted text and applicable metadata set forth in Paragraph IV.

2

1. **Spreadsheets.** Excel spreadsheets shall be produced as a native document file along with the extracted text and relevant metadata set forth in Paragraph IV for the entire spreadsheet, plus a Bates-numbered TIFF image slip-sheet stating the document has been produced in native format.

N. **Other ESI that is Impractical to Produce in Traditional Formats (aka, Structured Data).** The Parties understand and acknowledge that certain categories of ESI are structurally complex and do not lend themselves to production as native format or other traditional formats. To the extent a response to discovery requires production of discoverable electronic information contained in a database, the Parties agree to confer to attempt to define appropriate parameters for querying the database for discoverable information and generating a report in a reasonably usable and exportable electronic file (*e.g.*, Excel, CSV or SQL format).

O. **Endorsements.** The Producing Party will brand all TIFF images in the lower right-hand corner with the corresponding Bates/control numbers, using a consistent font type and size. The Producing Party will take reasonable efforts to ensure that the Bates number does not obscure any part of the underlying data and, to the extent data is unintentionally obscured, the Producing Party shall re-label and re-produce the file upon request by the Receiving Party. The Producing Party will brand all TIFF images in the lower left-hand corner with all confidentiality designations, as needed, in accordance with confidentiality definitions as agreed to by the Parties.

P. **Exception Report.** The Producing party shall compile and retain an exception report enumerating any unprocessed or unprocessable documents, their file type and the file location.

   a) **Password-Protected Files.** To the extent any produced documents are password-protected, the Producing Party must either unlock the document prior to production or provide passwords in order to allow access by the Receiving Party. If the Producing Party is unable to process a document because of unknown passwords or other encryption, the Producing Party shall retain a listing of such documents in an exception report.

## X. PRODUCTION OF PHYSICALLY STORED INFORMATION (HARD COPY DOCUMENTS)

A. **TIFFs.** Hard copy paper documents shall be scanned as single page, Group IV compression TIFF images using a print setting of at least 300 dots per inch (DPI). Each image shall have a unique file name, which is the Bates/control number of the document. Original document orientation shall be maintained *(i.e.,* portrait to portrait and landscape to landscape).

B. **Metadata Fields.** The following information shall be produced for hard copy documents and provided in the data load file at the same time that the TIFF images and the Optical Character Recognition (OCR)-acquired text files are produced. Each metadata field shall be labeled as listed below:

| FIELD NAME | DESCRIPTION | EXAMPLE / FORMAT |
|---|---|---|
| **PRODBEGBATES** | The production Bates number associated with the first page of a document. | ABC0000001 |
| **PRODENDBATES** | The production Bates number associated with last page of a document. | ABC0000003 |
| **PRODBEGATTACH** | The production Bates number associated with the first page of the parent document. | ABC0000001 |
| **PRODENDATTACH** | The production Bates number associated with the last page of the last attachment in the document family. | ABC0000008 |
| **PGCOUNT** | Total number of pages for a document. | 00006 |
| **CUSTODIAN** | The name of the primary person or department the files belong to. This field should be populated as last name, first name; or department or organization name for shared files. | Doe, John; or Complaince |
| **PRODVOLID** | Production volume name. | ABC_PROD001 |
| **TEXTLINK** | The path to the full extracted OR OCR text of the document. Text files should be named per control number or Bates number if the document is produced. | \TEXT\ABC000001.txt |

C. **OCR Acquired Text Files.** When subjecting physical documents to an OCR process, the settings of the OCR software shall maximize text quality over process speed. Any settings to enhance the accuracy/quality of the OCR results such as "auto-skewing", "auto-rotation" and the like should be turned on when documents are run through the process.

D. **Database Load Files/Cross-Reference Files.** Documents shall be provided with (a) a delimited metadata file (.dat or .txt) and (b) an image load file (.opt), as detailed in Paragraph XI.

E. **Unitizing of Documents.** In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records *(i.e.,* paper documents should be logically unitized). In the case of an organized compilation of separate documents - for example, a binder containing several separate documents behind numbered tabs - the document behind each tab should be scanned separately, but the relationship among the documents in the binder should be reflected in proper coding of the beginning and ending document and attachment fields. The Parties will make their best efforts to unitize documents correctly.

## XI. REQUESTED LOAD FILE FORMAT FOR ESI

a) **Delimited Text File**: A delimited text file (.DAT or .CSV) containing the fields listed in Paragraph XII should be provided in Unicode (UTF8) format.

b) **Image Cross-Reference File (Load File)**: The Image cross-reference file (.OPT) is a comma delimited file consisting of six fields per line. There must be a line in the cross-reference file for every image in the database. The format for the file is as follows:

ImageID,VolumeLabel,ImageFilePath,DocumentBreak,PageCount

- ImageID: The unique designation used to identify an image. This should be the Bates number of the document.
- VolumeLabel: The name of the volume.
- ImageFilePath: The full path to the image file.
- DocumentBreak: If this field contains the letter "Y," then this is the first page of a document. If this field is blank, then this page is not the first page of a document.
- PageCount: Number of pages in the document.

Sample Data

CNTRL00000001,VOL001,\IMAGES001\CNTRL00000001.TIF,Y,,,1
CNTRL00000002,VOL001,\IMAGES001\CNTRL00000002.TIF,Y,,,2
CNTRL00000003,VOL001,\IMAGES001\CNTRL00000003.TIF,,,,
CNTRL00000004,VOL001,\IMAGES001\CNTRL00000004.TIF,Y,,,4
CNTRL00000005,VOL001,\IMAGES001\CNTRL00000005.TIF,,,,
CNTRL00000006,VOL001,\IMAGES001\CNTRL00000006.TIF,,,,
CNTRL00000007,VOL001,\IMAGES001\CNTRL00000007.TIF,,,

## XII. REQUESTED METADATA FIELDS FOR ESI

| FIELD NAME | DESCRIPTION | EXAMPLE / FORMAT |
|---|---|---|
| **PRODBEGBATES** | The production Bates number associated with the first page of a document. | ABC000000001 |
| **PRODENDBATES** | The production Bates number associated with last page of a document. | ABC000000003 |
| **PRODBEGATTACH** | The production Bates number associated with the first page of the parent document. | ABC000000001 |
| **PRODENDATTACH** | The production Bates number associated with the last page of the last attachment in the document family. | ABC000000008 |
| **NATIVELINK** | The full path to a native copy of a document. | \natives\001\ABC0000001.htm |
| **PGCOUNT** | Total number of pages for a document. | 6 |
| **ATTACHCOUNT** | Number of attachments within a document family. | 0 (Numeric) |
| **FILENAME** | The file name of a document. | Document Name.xls |
| **FROM** | The name and email address of the person in the FROM field of every email. | John Doe <jdoe@acme.com> |
| **TO** | Recipients of the email. Multiple email addresses should be separated by semicolons. | Jane Smith <jsmith@acme.com |
| **CC** | Recipients in the cc: field of the email. Multiple email addresses should be separated by semicolons. | Bob Johnson <bjohnson@acme.com>; Sally May <smay@acme.com> |
| **BCC** | Recipients in the bcc: field of the email. Multiple email addresses should be separated by semicolons. | John Doe <jdoe@acme.com> |
| **EMAILSUBJECT** | Subject of an email. | Re: resume |
| **DATESENT** | Date when an email was sent. | MM/DD/YYYY |
| **TIMESENT** | Time an email was sent. | HH:MM:SS |
| **DOCAUTHOR** | The author of a document from entered metadata. | John Doe |
| **DOCTITLE** | The extracted document title for a loose file or attachment. | Resume.docx |
| **DATELASTMOD** | The date a document was last modified. | MM/DD/YYYY |
| **TIMELASTMOD** | The time the document was last modified. | HH:MM:SS |
| **CUSTODIAN** | The name of the primary person or department the files belong to. This field should be populated as last name, first name; or department or organization name for shared files. | Doe, John; or Compliance |
| **FILEEXT** | The file extension of a document. | docx |

6

| FIELD NAME | DESCRIPTION | EXAMPLE / FORMAT |
|---|---|---|
| **APPLICATION** | Type of document by application. | MS Word, MS Excel, etc. |
| **TIMEZONE** | The time zone the document was processed in. | PST, CST, EST, etc. |
| **DATECREATED** | The date the document was created. | MM/DD/YYYY |
| **TIMECREATED** | The time the document was created. | HH:MM:SS |
| **DATERECEIVED** | Date an email was received. | MM/DD/YYYY |
| **TIMERECEIVED** | Time an email was received. | HH:MM:SS |
| **HASH** | The MD5 or SHA Hash value or "de-duplication key" assigned to a document. | 9CE469B8DFAD1058C3B1E745001158EA |
| **PRODVOLID** | Production volume name. | ABC_PROD001 |
| **TEXTLINK** | The path to the full extracted OR OCR text of the document. Text files should be named per control number or Bates number if the document is produced. | \TEXT\ABC00000001.txt |
| **ATTACHNAMES** | Original file names of all attached records. | resume.msg |
| **CONV_IND** | Conversation index to track threads. | 01C01F37C7AC27D147E80B0E4E39A04C13D9E8CEB9EA |
| **CUSTODIANS_ALL** | If the documents were globally deduplicated, this field will contain the name of each custodian from which the document originated. This field should be populated as last name, first name and separated by semicolons for additional Custodians. | Doe, John; Doe, Jane |
| **FILESIZE** | Size of the file in KB including embedded attachments. | 125256 |
| **HIDDENTEXT** | Hidden Text in a Microsoft file | Hidden Text, etc. |
| **HIDDENSHEET** | Hidden sheets in an MS Excel spreadsheet document | Hidden Spreadsheet; Very Hidden Spreadsheet |
| **HIDDENROWCOL** | Hidden Rows or Hidden Columns in an MS Excel Spreadsheet document | Hidden Row; Hidden Column |
| **TRACKCHANGES** | This field is populated with a YES for all files that contain Tracked Changes | Track Changes |

## XIII. OBLIGATION TO MEET AND CONFER.

If at any point a Producing Party determines that the above Production Format Protocol would create an undue burden on the Producing Party, the Producing Party and the Receiving Party shall meet and confer in good faith regarding ways to reduce any such burden. If the parties cannot resolve the issue, the Producing Party may petition the Court for relief.