**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION-SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:16-cv-08727<br><br>**This Document Relates Only to:**<br>**Case No. 1:16-cv-09980 (**<u>Richardson</u>**)**<br>**Case No. 1:17-cv-01402 (**<u>Rose</u>**)**<br>**Case No. 1:17-cv-04975 (**<u>Weston</u>**)**<br>**Case No. 1:17-cv-04978 (**<u>Langston</u>**)**<br><br>**Judge John Z. Lee**<br><br>**Magistrate Judge M. David Weisman** |

**JOINT MOTION FOR ENTRY OF SCHEDULING AND
ADMINISTRATIVE PROCEDURES ORDER FOR SAMPLE CASES**

Plaintiffs Kerry Bonds, <u>et al</u>. ("Plaintiffs") and Defendants National Collegiate Athletic Association, <u>et al</u>. ("Defendants," and collectively with Plaintiffs, the "Parties"), through their counsel, jointly and respectfully submit this Joint Motion For Entry Of Scheduling And Administrative Procedures Order For Sample Cases. In support of this motion, the Parties state:

1. On August 24, 2017, the Court ordered the Parties to file by October 16, 2017 a motion with a proposed schedule for the four (4) sample cases. <u>See</u> Minute Entry (Dkt. #236).

2. On September 5, 2017, the Parties achieved a consensus on four (4) sample cases and thus avoided having to rotate sample case selections, as initially contemplated. <u>See</u> May 3, 2017 Minute Entry (Dkt. #176).

3. On September 29, 2017, the Parties filed with the Court their Notice of Sample Case Selections, which provided a description of the four (4) sample cases and an explanation of how they are representative. <u>See</u> Notice of Sample Case Selections (Dkt. #249).

4. The Parties are pleased to report they have also reached agreement on a proposed schedule and on certain clarifying administrative and filing procedures.

5. The Parties have agreed to maintain the schedule set forth in the Court's November 30, 2016 Case Management Schedule (Dkt. #91) but modified the schedule to reflect the recent selection of sample cases. Accordingly, the Parties request that the Court enter the schedule outlined below for each of the four (4) sample cases:

| Event | Deadline |
| --- | --- |
| Fed. R. Civ. P. 26(a)(1) Disclosures | 45 days following the entry of a scheduling order by the Court |
| Defendants in each sample case to answer or otherwise respond to the Complaint in such sample case[1] | 45 days following the entry of a scheduling order by the Court |
| Joinder of additional parties | 3 months after rulings by the Court on any motion filed under Fed. R. Civ. P. 12 |
| Amendment of pleadings | 3 months after rulings by the Court on motions filed under Fed. R. Civ. P. 12 unless another deadline is set by the Court based on rulings on such motions |

---

[1] As specified in the Case Management Schedule and Order on the Preservation of Defenses, cases not selected as sample cases shall remain stayed while the sample cases proceed on the foregoing schedule. See Case Mgmt. Schedule (Dkt. #91) at ¶ III(F); Order on the Preservation of Defenses (Dkt. #238) at ¶¶ 3-4. Moreover, the Parties have stipulated and agreed that the Parties in the non-sample cases do not waive and expressly preserve all available rights, arguments, claims and defenses (including but not limited to those with respect to venue, personal jurisdiction and any argument falling under Fed. R. Civ. P. 12(b)(6). See Case Mgmt. Schedule (Dkt. #91) at ¶ III(F); Order on the Preservation of Defenses (Dkt. #238) at ¶ 5. As specified in the Court's Order on the Preservation of Defenses, the time for Defendants in the cases not selected as sample cases to file any third-party claims is also extended until further order of the Court, and any applicable statutes of limitations for filing third-party claims, including contribution claims, are expressly tolled until further order of the Court. See Order on the Preservation of Defenses (Dkt. #238) at ¶ 6.

| Event | Deadline |
|---|---|
| Completion of fact discovery on issues relating to class certification | 12 months after rulings on motions filed under Fed. R. Civ. P. 12[2] |
| Plaintiffs' expert report(s) in support of motion(s) for class certification | 30 days after close of fact discovery |
| Plaintiffs' motion(s) for class certification | 60 days after close of fact discovery |
| Defendants to depose Plaintiffs' expert(s) | 45 days after service of Plaintiffs' expert report(s) |
| Defendants' responses in opposition to Plaintiffs' motion(s) for class certification | 90 days after service of Plaintiffs' motion(s) for class certification |
| Defendants' expert report(s) in opposition to Plaintiffs' motion(s) for class certification | 60 days after filing of Plaintiffs' motion(s) for class certification |
| Plaintiffs to depose Defendants' expert(s) | 45 days after service of Defendants' expert report(s) |
| Plaintiffs' replies in support of motion for class certification | 90 days after filing of Defendants' response(s) in opposition to motion(s) for class certification |
| Parties' joint status report regarding appropriate next steps in the litigation | 30 days after ruling on motion(s) for class certification |

6. The Parties have also agreed to the following procedures with respect to the administration of the four sample cases and request the Court to order that:

a. Pleadings in each of the four sample cases be filed in (i) each specific individual case (Case No. 1:17-cv-04975, Case No. 1:17-cv-04798, Case No. 1:16-cv-

---

[2] As agreed to by the Parties and as specified in the Case Management Schedule, discovery shall be stayed in each sample case until a ruling by the Court on any motion filed under Fed. R. Civ. P. 12 is issued for that specific case (e.g., if a Rule 12 motion is filed in two (2) sample cases but not in the other two (2), discovery can proceed in the two (2) cases in which motions were not filed). See Case Mgmt. Schedule (Dkt. #91) at ¶ III(D). Notwithstanding their agreement to stay discovery pending disposition of any Rule 12 motions, to the extent any Rule 12 motion goes beyond the legal sufficiency of the complaints and relies – to any extent – on extrinsic matters, then Plaintiffs reserve the right to seek discovery in order to respond to any such motions or arguments. If Plaintiffs determine that discovery is needed to fully respond to any such motion, then Plaintiffs will first meet and confer with Defendants to resolve the issue before seeking intervention from the Court, and Defendants respectfully reserve the right to oppose any such request for discovery, as appropriate.

09980 and Case No. 1:17-cv-01402) and (ii) in the master docket (Case No. 1:16-cv-08727), so that all parties will receive electronic case filing notices and may monitor the progress of the cases;

 b. Case Management Order No. 6 (Dkt. #225) be modified to authorize counsel of record in each of the four sample cases to make filings in the master docket, as specified in the prior paragraph; and

 c. Counsel of record in each of the four sample cases shall confer with respect to and make good faith efforts to coordinate any common discovery in the four sample cases.

WHEREFORE, the Parties respectfully request that the Court enter the proposed schedule outlined above. The Parties further request whatever other relief the Court deems appropriate.

Dated: October 16, 2017          Respectfully submitted,

By: */s/ Jay Edelson (w/ consent)*      By: */s/ Mark S. Mester*
  Co-Lead Counsel for Plaintiffs        Lead Counsel for Defendant
                       National Collegiate Athletic Association

Jay Edelson
 jedelson@edelson.com          Mark S. Mester
EDELSON PC                 mark.mester@lw.com
350 North LaSalle Street, 13th Floor     Kathleen P. Lally
Chicago, Illinois 60654            kathleen.lally@lw.com
Telephone: (312) 589-6370         LATHAM & WATKINS LLP
Facsimile: (312) 589-6378          330 North Wabash Avenue, Suite 2800
                       Chicago, Illinois 60611
                       Telephone: (312) 876-7700
                       Facsimile: (312) 993-9767

Sol Weiss
   sweiss@anapolweiss.com
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, Pennsylvania 19103
Telephone: (215) 735-2098
Facsimile: (215) 875-7701


Shannon M. McNulty
   smm@cliffordlaw.com
CLIFFORD LAW OFFICES
120 North LaSalle Street, Suite 3100
Chicago, Illinois 60602
Telephone:  (312) 899-9090
Facsimile:  (312) 345-1565

*Liaison Counsel for Plaintiffs*

By: */s/ Michael A. Olsen (w/ consent)*
    Lead Counsel for Conference Defendants

Michael A. Olsen
   molsen@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711


By: */s/ Matthew A. Kairis (w/ consent)*
    Lead Counsel for Member Institution
    Defendants

Matthew A. Kairis
   makairis@jonesday.com
JONES DAY
325 John H. McConnell Boulevard, Suite 600
Columbus, Ohio 43215
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

## **CERTIFICATE OF SERVICE**

  I, Mark S. Mester, certify that on October 16, 2017, a true and correct copy of the foregoing Joint Motion for Entry of Scheduling and Administrative Procedures Order for Sample Cases was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

              */s/ Mark S. Mester*
              Mark S. Mester
                mark.mester@lw.com
              LATHAM & WATKINS LLP
              330 North Wabash Avenue, Suite 2800
              Chicago, Illinois, 60611
              Telephone: (312) 876-7700
              Facsimile: (312) 993-9767