IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION-SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) ) ) ) ) ) ) ) ) ) ) ) | MDL No. 2492<br><br>Master Docket No. 1:16-cv-08727<br><br>This Document Relates To All Cases<br><br>Judge John Z. Lee<br><br>Magistrate Judge M. David Weisman |

CASE MANAGEMENT ORDER NO. 7:
ESTABLISHING COMMON BENEFIT FEE AND EXPENSE FUND

**I.     SCOPE OF ORDER**

This Order is entered to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation.

    **A.     Governing Principles and the Common Benefit Doctrine**

The governing principles are derived from the United States Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); refined in, *inter alia*, *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); and approved and implemented in the MDL context, in *inter alia*, *In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation*, MDL No. 2385, Dkt. No. 61 (S.D. Ill. Nov. 13, 2012).  Common benefit work product includes all work performed for the benefit of all of the proposed classes, including pre-trial matters, discovery, trial preparation, a potential settlement process, and all other work that advances this

litigation to conclusion.  Common benefit work product does not include work performed solely for the benefit of only one plaintiff or a subset of plaintiffs or work that does not otherwise benefit the proposed classes.

### B. Application of this Order

This Order applies to all cases now pending, as well as to any cases later filed in, transferred to, or removed to this Court and treated as related cases to *In re NCAA Student-Athlete Concussion Injury Litigation – Single Sport/Single School (Football)*, Master Docket Case No. 16-cv-08727 (the "Master Docket Case"), which is a part of MDL No. 2492.  This Order further applies to each attorney or counsel of record ("Participating Counsel") who represents a plaintiff with a case that is now or subsequently related to the Master Docket Case.

This Order shall also apply to any private lien holder who obtains reimbursement from any plaintiff whose case is subject to this Order.  Such entities shall be subject to this Order, as they are seeking to obtain part of the recovery obtained by a plaintiff who is subject to this Order and the jurisdiction of this Court.  Counsel for a private lien holder shall pay amounts consistent with the terms of Paragraph IV(B)(3) of this Order into the Concussion Litigation Fee Fund.  Private lien holders' counsel shall not be eligible to make a claim to receive any distribution from the Concussion Litigation Fee Fund.

## II. COMMON BENEFIT EXPENSES

### A. Qualified Expenses Eligible for Reimbursement

In order to be eligible for reimbursement of common benefit expenses, said expenses must meet the requirements of this section.  Specifically, said expenses must be: (a) for the common benefit; (b) for work appropriately authorized in advance by Plaintiffs' Co-Lead Counsel; (c) timely submitted within the defined limitations set forth in this Order; and (d) verified by a partner or shareholder in the submitting firm.  Plaintiffs' Co-Lead Counsel shall

monitor the activities of plaintiffs' counsel to assure that unnecessary expenditures of time and expenses are avoided.

### B. Verification and Submission

All counsel will keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity. The failure to maintain such records will be grounds for denying court-awarded attorney's fees.

On the 15th day on the months of January, April, July, and October, beginning on January 15, 2018, each firm seeking award or approval of a common benefit fee or reimbursement of expenses must file with Plaintiffs' Co-Lead Counsel an Excel spreadsheet summarizing, according to each separate activity, the time and expenses spent by its lawyers and paralegals during the preceding quarter (and the ordinary billing rates in effect during the quarter) and the accumulated total of the firm's time, hourly rates, and expenses to date. Notwithstanding the foregoing, for the first submission due on January 15, 2018, the Excel spreadsheet should summarizing, according to each separate activity, the time and expenses spent by its lawyers and paralegals to date (and the ordinary billing rates in effect to date) and the accumulated total of the firm's time, hourly rates, and expenses to date.

The forms detailing expenses shall be certified by a senior partner in each firm attesting to the accuracy of the submissions. Any time that is not reported on such a periodic basis, and any unreported expenses for which records are then available, will not be compensated or reimbursed, absent good cause shown for such reporting failure. Attorneys shall keep receipts for all expenses. Credit card receipts are an appropriate form of verification if accompanied by a declaration from counsel that work was performed and paid for the common benefit. Plaintiffs

Co-Lead Counsel shall, in turn, be responsible for maintaining all such spreadsheets and other documentation submitted to them until the end of this litigation.

### C. Shared and Held Common Benefit Expenses

#### 1. Shared Costs

Shared Costs are costs incurred for the common benefit of all plaintiffs. Shared Costs are costs that will be reimbursed or paid from a separate Concussion Litigation Fee Fund established and administered by Plaintiffs' Co-Lead Counsel and funded by all members of the Plaintiffs' Steering Committee ("PSC") and others as determined by Plaintiffs' Co-Lead Counsel. All Shared Costs must be approved by Plaintiffs' Co-Lead Counsel prior to reimbursement or payment. Shared Costs include: (a) deposition, court reporter, and video technician costs for non-case specific depositions; (b) costs necessary for creation of a document depository, the operation and administration of the depository, and any equipment required for the depository; (c) PSC group administration matters such as meetings and conference calls; (d) accountant fees; (e) generic expert witness and consultant fees and expenses; (f) printing, copying, coding, scanning (out of house or extraordinary firm cost); (g) research by outside third party vendors/consultants/ attorneys; (h) translation costs; (i) bank or financial institution charges; (j) certain investigative services, and (k) special master and/or mediator charges.

#### 2. Held Costs

Held Costs are those that will be carried by each Participating Counsel in cases related to the Master Docket Case. Held Costs are those that do not fall into any of the above categories of shared costs, but are incurred for the benefit of all plaintiffs. Held costs can also include unreimbursed, but authorized, shared costs. No specific client-related costs shall be considered as Held Costs, other than sample cases selected by the parties.

### D. Expenses Limitations

#### 1. Travel Limitations

Except in extraordinary circumstances approved in advance by Plaintiffs' Co-Lead Counsel, all travel reimbursements are subject to the following limitations:

a. <u>Airfare</u>: Only the price of a coach seat for a reasonable itinerary will be reimbursed. Business/First Class Airfare will ***not*** be fully reimbursed, except for international flights, which requires prior approval by Plaintiffs' Co-Lead Counsel in order to be considered for reimbursement. Use of a private aircraft will not be reimbursed. If Business/First Class Airfare is used on domestic flights then the difference between the Business/First Class Airfare must be shown on the travel reimbursement form, and only the coach fare will be will be reimbursed.

b. <u>Hotel</u>: Hotel room charges for the average available room rate of a business hotel, including the Hyatt, Westin, and Marriott hotels, in the city in which the stay occurred will be reimbursed. Luxury hotels will not be fully reimbursed but will be reimbursed at the average available rate of a business hotel.

c. <u>Meals</u>: Meal expenses must be reasonable. Costs of alcohol will not be reimbursed.

d. <u>Cash Expenses</u>: Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

e. <u>Rental Automobiles</u>: Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed, unless such larger sized vehicle is needed to accommodate several counsel.

f. <u>Mileage</u>: Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 53.5 cents per mile).

g. <u>Parking</u>: Shall be limited to actual documented costs.

#### 2. Non-Travel Limitations

a. <u>Long Distance and Cellular Telephone</u>: General subscription or monthly lease costs associated with long-distance services and cellular phones are

not reimbursable. Long-distance and cellular telephone charges for specific MDL-related calls must be documented.

  b. <u>Shipping, Courier, and Delivery Charges</u>: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

  c. <u>Postage Charges</u>: A contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

  d. <u>Telefax Charges</u>: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

  e. <u>In-House Photocopy</u>: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is 15¢ per page.

  f. <u>Computerized Research – Lexis/Westlaw</u>: Claims for Lexis or Westlaw, and other computerized legal research expenses should be in the exact amount charged to or allocated by the firm for these research services.

**III. <u>COMMON BENEFIT WORK</u>**

 **A. Compensable Common Benefit Work Defined**

As the litigation progresses and common benefit work product continues to be generated, Plaintiffs' Co-Lead Counsel may assign Participating Counsel with common benefit work; common benefit work shall include only work specifically assigned. Examples of common benefit work include, but are not limited to, maintenance and working in the depository; review and document coding; expert retention and development authorized by Plaintiffs' Co-Lead Counsel; preparing for and conducting authorized depositions of Defendants, third-party witnesses, and experts; and activities associated with preparation for trial and the trial of any cases designated as "common benefit trials" by Plaintiffs' Co-Lead Counsel.

 **B. Authorization and Time Keeping**

Time spent on matters common to all claimants in cases related to the Master Docket Case must be assigned by Plaintiffs' Co-Lead Counsel to be eligible for consideration as

common benefit time. No time spent on developing or processing individual issues in any case for an individual client (claimant) will be considered or should be submitted; nor should time spent on unauthorized work be submitted for consideration.

All time spent on common benefit work must be authorized and accurately and contemporaneously maintained. All counsel will keep a daily record of their time spent and expenses incurred in connection with common benefit work, indicating with specificity the hours, location, and particular activity (such as "conduct deposition of *[name of deponent]*"). All time shall be maintained in tenth-of-an-hour increments. The failure to maintain such records will be grounds for denying court-awarded attorney's fees.

### C. Quarterly Reports to the Appointed CPA

On the 15th day on the months of January, April, July, and October, beginning on January 15, 2018, Plaintiffs' Co-Lead Counsel shall provide the appointed certified public accountant (the "CPA," the appointment of which is discussed below in Section IV.A.) with reports on the fees and expenses submitted by various plaintiffs' counsel during the preceding quarter for eventual reimbursement. The reports shall be organized so the CPA can review the attorneys' fees incurred for various categories of work in the case and the attorneys who incurred them, and so the CPA can review the expenses for reimbursement. The CPA shall provide any information regarding these submissions to the Court at the Court's request.

### IV. PLAINTIFFS' LITIGATION FEE AND EXPENSE FUNDS

### A. Establishing the Fee and Expense Funds

At an appropriate time and as necessary (if at all), Plaintiffs' Liaison Counsel may be directed to establish an interest-bearing account (the Concussion Litigation Fee and Expense Fund) to receive and disburse funds as provided in this Order (the "Fund"). The Fund will be held subject to the direction of this Court.

By subsequent Order of this Court, the Court will appoint a CPA to serve as Escrow Agent over the Fund and to keep detailed records of all deposits and withdrawals and to prepare tax returns and other tax filings in connection with the Funds. Such subsequent Order shall specify the hourly rates to be charged by the CPA and for the CPA's assistants, who shall be utilized where appropriate to control costs. The CPA shall submit an annual budget and quarterly detailed bills to the Court and to Plaintiffs' Liaison Counsel. Upon approval by the Court, the CPA's bills shall be paid from the Concussion Litigation Fee Fund and shall be considered a shared cost.

B. **Payments into the Fee and Expense Funds**

1. **General Standards**

All plaintiffs and their attorneys who are subject to this Order and who agree to settle, compromise, dismiss, or reduce the amount of a claim or, with or without trial, recover a judgment for monetary damages or other monetary relief, including such compensatory and punitive damages, with respect to NCAA claims are subject to an assessment of the gross monetary recovery, as provided herein.

2. **Gross Monetary Recovery**

Gross monetary recovery includes any and all amounts paid to an individual plaintiff, his estate, or other derivative person through a settlement or pursuant to a judgment. The "gross monetary recovery," includes all sums certain paid by or on account of any defendants including the present value of any fixed and certain payments to be made in the future. The assessment shall apply to all of the cases of the plaintiffs' attorneys who are subject to this Order, whether as sole counsel or co-counsel.

### 3. Assessment Amount

The assessment amount will be a total of 5% of the gross recovery, assessed solely from attorneys' fees and not the client's share of the gross recovery. The assessment will be deposited into the Fund. The assessment represents a holdback, *see, e.g., In re Zyprexa Prods. Liab. Litig.*, 267 F.Supp.2d 256 (E.D.N.Y. 2006), and shall not be altered. However, if a Non-Participating Counsel receives common benefit work product or otherwise benefits from the common benefit work product, such counsel and the cases in which she/he has a fee interest may be subject to an increased assessment.

### 4. Defendants' Obligations

Defendants and their counsel shall not distribute any settlement proceeds to any plaintiff's counsel (or directly to a plaintiff) until after (1) Defendants' counsel notifies Plaintiffs' Co-Lead Counsel in writing of the existence of a settlement and the name of the individual plaintiff's attorney (without disclosing the amount of the settlement), and (2) Plaintiffs' Co-Lead Counsel has advised Defendants' counsel in writing whether or not the individual plaintiff's attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order. For cases subject to an assessment, Defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Fund as a credit against the settlement or judgment. No orders of dismissal of any plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of plaintiff's and defendants' counsel that the assessment, if applicable, will be withheld and will be deposited into the Funds at the same time the settlement proceeds are paid to settling counsel. If, for any reason, the assessment is not or has not been so withheld, the plaintiff and his counsel are jointly responsible for paying the assessment into the Fund promptly.

Counsel for each defendant shall provide at least quarterly to the Court or its designee (such as the CPA) notice of the names and docket numbers of the cases for which it has paid an assessment into the Funds since the last such report. A report is not due if there are no payments made into the Funds by that Defendant during that quarter. Details of any individual settlement agreement, individual settlement amount and individual amounts deposited into escrow shall be confidential and shall not be disclosed by the CPA to Plaintiffs' Co-Lead Counsel, the PSC, the Court, or the Court's designee, unless the Court requests that it receive that information. Monthly statements from the CPA shall, however, be provided to Plaintiffs' Co-Lead showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

## V. <u>DISTRIBUTIONS</u>

### A. Court Approval

The amounts deposited into the Concussion Litigation Fee and Expense Fund shall be available for distribution to Participating Counsel who have performed professional services or incurred expenses for the common benefit. No amounts will be disbursed without review and approval by the Court, or such other mechanism as the Court may order. Specifically, such sums shall be distributed only upon Order of this Court. This Court retains jurisdiction over any common benefit award or distribution.

### B. Application for Distribution

Each Participating Counsel who does common benefit work has the right to present their claim(s) for compensation and/or reimbursement prior to any distribution approved by this Court.

In the event that a settlement is reached on a class basis in cases now pending and/or later filed in, transferred to or removed to this Court and treated as related cases to the Master Docket

Case, at the appropriate time, this Court shall request that Plaintiffs' Co-Lead Counsel make recommendations to this Court for distributions to Participating Counsel who have performed common benefit work. Plaintiffs' Co-Lead Counsel shall determine on its own the most fair and efficient manner by which to evaluate all of the time and expense submissions in making its recommendation to this Court. This Court will give due consideration to the recommendation of the Plaintiffs' Co-Lead Counsel. Defendants reserve the right to object to any distributions to Participating Counsel.

IT IS SO ORDERED.

Dated: October 26, 2017

John Z. Lee
United States District Judge