**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION – SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) | MDL Docket No. 2492<br><br>Master Docket No. 1:16-cv-08727<br><br>Member Case Docket No. 1:16-cv-09980<br><br>Judge John Z. Lee<br><br>Magistrate Judge M. David Weisman |
| **This Document Relates to:**<br>JAMIE RICHARDSON, individually and on behalf of all others similarly situation,<br>     Plaintiff,<br>          v.<br>SOUTHEASTERN CONFERENCE and NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,<br>     Defendants. | |

## RESPONSE AND OBJECTION TO MOTION FOR ENTRY OF PROPOSED CASE MANAGEMENT ORDER NO. 9

Defendant Southeastern Conference ("SEC") objects to the entry of proposed Case Management Order 9 (the "CMO") because the procedures that would be implemented by the CMO would be inconsistent with the Federal Rules of Civil Procedure and the Judicial Code, and unworkable in the following material respects.

The CMO contemplates that all new actions will be filed in the Northern District of Illinois. For reasons essentially the same as those set forth in the SEC's Memoranda in Support of its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), ECF Nos. 23 & 50 (challenging personal jurisdiction in Indiana), the SEC is not subject to personal jurisdiction in Illinois. Although the CMO purports to reserve all jurisdictional objections and all rights under *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), legal and practical

impediments make it impossible for the SEC's objections and rights to be fully preserved for the following reasons.

First, in the absence of a filing in a District Court in which the SEC is subject to personal jurisdiction, 28 U.S.C. §1407 provides no mechanism for identifying the District Court to which any newly-filed action will be remanded or for effecting such a remand. Section 1407 specifies that "Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have previously been terminated [with exceptions and clarifications not relevant here]." Thus, under Section 1407(a), the Multi-District Panel "has only the power to remand MDL cases to their transferor districts. It has no authority to entertain a motion under Section 1404(a) to send one or more of the consolidated cases to any other district, nor can it "remand" an action that actually was instituted in the transferee district to any other district." 15 Wright, Miller & Cooper, Federal Practice & Procedure §3865 (4th Eed. 2018 Update) (citing *In re Delta Airlines, Inc., Flight Attendant Weight Standards Litigation*, 411 F. Supp. 795 (U.S.J.P.M.L. 1976)). Federal Rule of Civil Procedure 12 has no procedure for deeming an action filed in the Northern District of Illinois to have been filed elsewhere.

And, second, given the impossibility of determining the District to which any newly-filed case will be remanded, it will be impossible to determine which state law(s) apply to the claims asserted in any newly-filed action. *In Re StarLink Corn*, 211 F. Supp. 2d at 1063 (state law of transferor court applies); *In re Parmalat Sec. Litig.*, 412 F. Supp. 2d at 399 & n. 40 (same); *Ogden Martin Sys. of Indianapolis v. Whiting*, 179 F.3d 523, 528 (7th Cir. 1999) (in diversity action, state limitations laws apply).

The SEC has no desire to complicate or increase the administrative burden on the litigants or the Court, but respectfully submits that the above-described impediments can only be

avoided by compliance with the provisions of Section 1407 and related statutory provisions. The sole case cited by Plaintiffs in support of their proposed procedure is an order on a fee application reciting that a District Court in Louisiana entered a direct filing order with agreement of all parties, subject to certain limitations not specified. *See In Re Actos (Pioglitazone) Products Liability Litigation*, 274 F.Supp.3d 485, 493 (W.D. La. 2017). Other courts have recognized that direct filing raises the issues and concerns outlined above. *See In re Heartland Payment Systems, Incl. Customer Data Sec. Breach Litig.*, 2011 SL 1232352 at * 4 & n.5 (S.D.Tex. 2011) ("direct filings may present jurisdictional, venue, or related issues") ("[c]ourts have expressed concern that selecting the forum by direct filing could present anomalous choice-of-law results"); *In re FEMA Trailer Formaldehyde Products Liability Litig.*, 2012 WL 1580761 at *1 (E.D. La., 2012) (noting that the court had rejected a motion to permit direct filing for some or all of the reasons set forth above); *In re Heartland Payment Systs., Inc. Customer Data Sec. Breach Litigation*, 2011 WL 1232352 at *4 (S.D. Tex. 2011) (direct filings "may present jurisdictional, venue, or related issues"); *In re Vioxx Products Liability Litigation*, 478 F.Supp.2d 897, 904 (E.D.La.2007) (the "potential [choice-of-law] implication of direct filing is one that should be considered by other MDL courts") If Plaintiffs' counsel choose to file cases against the SEC in the Northern District of Illinois, the SEC specifically reserves all of its rights and objections.

This Response and Objection addresses issues and concern in the conduct of these MDL proceedings that are not specific to the above-captioned action and that are not common to all defendants. (Defendants subject to personal jurisdiction in Illinois would be differently situated, in some respects.) The SEC nevertheless submits this Response and Objection in the above-captioned action because Case Management Order 6 provides that only lead counsel may submit filings on the Master Docket.

January 21, 2019  Respectfully submitted,

/s/ *Robert W. Fuller*
Robert W. Fuller, One of the Attorneys for
Defendant Southeastern Conference

Robert W. Fuller (N.C. Bar No. 10887)
 rfuller@robinsonbradshaw.com
Stephen M. Cox (N.C. Bar No. 23057)
 scox@robinsonbradshaw.com
Pearlynn G. Houck (N.C. Bar No. 36364)
 phouck@robinsonbradshaw.com
Richard C. Worf (N.C. Bar No. 37143)
 rworf@robinsonbradshaw.com
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

**CERTIFICATE OF SERVICE**

I, Robert W. Fuller, certify that on January 21, 2019, a true and correct copy of the foregoing document was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

/s/ *Robert W. Fuller*
Robert W. Fuller, One of the Attorneys for
Defendant Southeastern Conference

Robert W. Fuller (N.C. Bar No. 10887)
 rfuller@robinsonbradshaw.com
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000