# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION – SINGLE SPORT / SINGLE SCHOOL (FOOTBALL) | MDL No. 2492 <br><br> Master Docket No. 1:16-cv-08727 <br><br> This Document Relates To: All Cases <br><br> Judge John Z. Lee <br><br> Magistrate Judge M. David Weisman |

## THE NCAA'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION OF APPOINTED COUNSEL'S RESPONSIBILITIES

Defendant National Collegiate Athletic Association (the "NCAA") responds as follows to the motion filed on May 17, 2019 by counsel for Plaintiffs Charles Marcus Langston, Jamie Richardson and Eric Weston ("Plaintiffs"), seeking to expand the duties of appointed counsel:

### I. INTRODUCTION

In their motion, Plaintiffs' counsel request that the Court order Defendants' Liaison Counsel to accept or waive service of process on behalf of NCAA member institutions who are or may become defendants in cases consolidated into this multidistrict litigation ("MDL"). See Mot. (Dkt. #319) at 1. In so doing, Plaintiffs' counsel cite purported efficiencies that would be gained by such an order.

For its part, the NCAA understands that it would be easier and more efficient for Plaintiffs' counsel if they could shortcut the due process rights of newly-named defendants and avoid the costs associated with serving defendants they have chosen or may choose to sue. As set forth below, however, that is no justification for asking this Court to disregard the requirements for proper service under Rule 4 of the Federal Rules of Civil Procedure. To the contrary, Plaintiffs' counsel ask the Court to inappropriately expand the scope of the

responsibilities of Defendants' Liaison Counsel and to thereby violate the due process rights of each member institution to service of process and counsel of its choice. See disc. infra at 2–6. For these and other reasons, the motion should be denied. See id.

## II. THE ROLE OF LIAISON COUNSEL EXISTS FOR PURELY ADMINISTRATIVE TASKS, NOT TO ACCEPT OR WAIVE SERVICE

As set forth in the Manual for Complex Litigation, the role of liaison counsel is to perform "administrative matters" in the context of complex litigation. See Manual Complex Lit. § 10.221 (4th ed. 2004). A liaison counsel, for example, can "act as a communicator between the court and other counsel." See Newberg on Class Actions § 10:9 (5th ed. 2018); see also Manual Complex Lit. § 10.221 (4th ed. 2004). They are also often tasked with "convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." See Manual Complex Lit. § 10.221 (4th ed. 2004). And while they serve to promote "efficiency and economy," liaison counsel must not "jeopardiz[e] fairness to the parties." See id. Given these administrative roles, the Manual even provides that liaison counsel "need not be attorneys." See id.

In this case, the Court has appointed liaison counsel consistent with the foregoing purposes, charging Defendants' Liaison Counsel with the performance of "essentially administrative matters." Case Mgmt. Order No. 4 (Dkt. #1) ¶ 11; see also Manual Complex Lit. § 10.221 (4th ed. 2004). Plaintiffs' counsel concede this fact. See Mot. (Dkt. #319) ¶ 7 (stating that Defendants' Liaison Counsel is "tasked with handling Defendants' administrative matters"). Defendants' Liaison Counsel, for example, performs purely administrative tasks such as (1) "receiv[ing] orders and notices from the Court on behalf of all parties within their liaison group;" (2) "prepar[ing] and transmitt[ing] copies of such orders and notices to the parties in their liaison group;" and (3) "maintain[ing] complete files with copies of all documents served

2

upon them" and "mak[ing] such files available to parties within their liaison group upon request." See Case Mgmt. Order No. 4 (Dkt. #1) ¶ 11.

Acceptance or waiver of process, however, is <u>not</u> an administrative task; it is an important due process right that belongs to each defendant in any case. See <u>Murphy Bros. v. Michetti Pipe Stringing</u>, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."); <u>Silva v. City of Madison</u>, 69 F.3d 1368, 1376 (7th Cir. 1995) ("A defendant must be apprised of the pendency of the action, [a]n elementary and fundamental requirement of due process . . . .") (internal citations and quotation marks omitted); <u>Swaim v. Moltan Co.</u>, 73 F.3d 711, 720 (7th Cir. 1996) ("The Due Process Clause of the Fourteenth Amendment requires that service of process be reasonably calculated both to apprise a party of the pendency of an action and to provide it with an opportunity to respond."); <u>United States v. Alfred L. Wolff GmbH</u>, 2011 WL 4471383, at *3 (N.D. Ill. 2011) ("[T]he notion that '[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process' is a 'bedrock principle' of our legal system.") (quoting <u>Murphy Bros.</u>, 526 U.S. at 344). Indeed, without proper service of process, a court lacks personal jurisdiction over a defendant. See <u>Murphy Bros.</u>, 526 U.S. at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); <u>United States v. Ligas</u>, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process."); <u>Silva</u>, 69 F.3d at 1376 (same); <u>Ocampo De Kalb v. GMAC Commercial Mortg. Corp.</u>, 169 F. Supp. 2d 810, 813 (N.D. Ill. 2001) (same). Only upon service does an individual or entity become a party to the litigation.

See Murphy Bros., 526 U.S. at 350; see also Case Mgmt. Order No. 4 (Dkt. #1) ¶ 7 (consolidation of Single Sport/Single School cases does not "have the effect of making any entity a party to any action in which he, she, or it has not been, served, or added in accordance with the Federal Rules of Civil Procedure."). Accordingly, acceptance or waiver of service plainly does not fall within the scope of Defendants' Liaison Counsel's "essentially administrative" responsibilities. See Case Mgmt. Order No. 4 (Dkt. #1) ¶ 11; see also Manual Complex Lit. § 10.221 (4th ed. 2004).

In fact, the Northern District of Illinois has previously rejected the argument that liaison counsel is authorized to accept service on behalf of individual defendants, holding that service on defendants' liaison counsel was not imputed to one of the defendants, as "liaison counsel [was] not counsel of record" for the defendant and liaison counsel had "never been authorized to accept service on [the defendant's] behalf." See In re Wireless Tel. 911 Calls Litig., 2005 WL 1564978, at *18 (N.D. Ill. 2005). Here, while Defendants' Liaison Counsel is counsel of record for the NCAA, Liaison Counsel is not counsel for the newly-named defendants and is not authorized to accept or waive service on their behalf, and nothing in Case Management Order No. 4 gives Defendants' Liaison Counsel any such authority.

Notably, Plaintiffs' counsel do not cite a single case in support of their expansive view of Defendants' Liaison Counsel's role or their request that the Court exercise purported authority to disregard member institutions' due process rights, perhaps because, as courts in this Circuit have recognized, courts lack the authority to "excuse the plaintiff's requirement to comply with Rule 4." See Hall-Moten v. State of Ill. Dep't of Corr., 2005 WL 3088439, at *4–5 (N.D. Ill. 2005) ("This case cannot proceed into the substance of the dispute and arrive at decision binding upon the parties until service of process has be [*sic*] properly effectuated under the requirements of

4

Rule 4. . . . This court cannot excuse the plaintiff's requirement to comply with Rule 4 and the defendants are within their rights to demand compliance with Rule 4."); see also McMasters v. United States, 260 F.3d 814, 817 (7th Cir. 2001) ("While a court must give a plaintiff reasonable time to cure a defect in service under Rule 4(i)(3) or grant an appropriate extension of time for service under Rule 4(m), nothing in the Federal Rules of Civil Procedure allows a judge to excuse service altogether. Actual notice to the defendant is insufficient; the plaintiff must comply with the directives of Rule 4."). As such, requiring Defendants' Liaison Counsel to accept (or waive) service on behalf of member institutions would violate fundamental due process rights (disc. supra at 3–4) and would thus "jeopardiz[e] fairness to the parties." See Manual Complex Lit. § 10.221 (4th ed. 2004). For this reason, the motion of Plaintiffs' counsel should be denied. See disc. supra at 3–5.

### III. THE MEMBER INSTITUTIONS HAVE A RIGHT TO COUNSEL OF THEIR CHOICE

By seeking to require Defendants' Liaison Counsel to accept or waive service on behalf of member institutions, Plaintiffs' counsel ask this Court to force the member institutions to accept Defendants' Liaison Counsel as their counsel. See Mot. (Dkt. #319) ¶ 9. Plaintiffs' counsel assert that this is necessary in order to avoid having "hundreds of new lawyers being needlessly engaged by the newly-added defendants . . . and the likely cluttering of this and other dockets as the newly-engaged attorneys, generally unfamiliar with this MDL . . . , file improper and wasteful pleadings." See id. ¶ 8.

As an initial matter, there is no reason to believe that requiring Plaintiffs' counsel to properly serve newly-named member institutions in accordance with their due process rights will lead to the chaos that Plaintiffs' counsel otherwise predict. To date, attorneys for defendants in the stayed cases have not been filing pleadings in those cases or otherwise "cluttering" the

docket, despite the large number of different attorneys representing different defendant conferences and member institutions. There is, therefore, no reason to doubt that following service of a complaint, any counsel retained by a newly-named defendant will review the MDL docket and abide by the Court's orders, and should they have questions, they will contact Defendants' Lead or Liaison Counsel for guidance on the MDL proceedings. This has been occurring since Defendants' Lead and Liaison Counsel were first appointed.

Moreover, it is not for Plaintiffs' counsel or Defendants' Lead or Liaison Counsel to determine whether a newly-named defendant "needs" to engage its own counsel. Each member institution obviously has the right to select counsel of its choice. See, e.g., Schiessle v. Stephens, 717 F.2d 417, 419–20 (7th Cir. 1983) (on a motion to disqualify counsel, an important consideration is "the prerogative of a party to proceed with counsel of its choice."); Parker v. Pepsi-Cola Gen. Bottlers, 249 F. Supp. 2d 1006, 1013 (N.D. Ill. 2003) (declining to disqualify counsel because the court was "sensitive to a client's right to be represented by the counsel of his choice."). As the District of New Jersey has aptly stated, "while Liaison Counsel perform legal services that individual members' attorneys would otherwise have to do, such services are on a group-wide basis without displacing the individual party's attorney-client relationship with counsel of its choice." State of N.J. Dep't of Envtl. Prot. v. Gloucester Envtl. Mgmt. Servs., 138 F.R.D. 421, 430 n.13 (D.N.J. 1991).

The right of member institutions to counsel of their choice is particularly important where (as here) Defendants' Liaison Counsel represents the NCAA. As the NCAA noted in its motion for leave to designate three separate Lead Counsel (one for the NCAA, one for the member institutions and one for the conferences), while Defendants "share many interests" they "are not necessarily similarly situated in all respects." See Mot. for Leave to Designate Three Lead

6

Counsel (Dkt. #23) ¶ 5.  Following that representation, the Court granted the request for three Lead Counsel.  See Min. Entry (Dkt. #90).  Accordingly, forcing the NCAA member institutions to accept Defendants' Liaison Counsel as their own counsel would violate their right to counsel of their own choice (disc. supra at 5–6) and thus would "jeopardiz[e] fairness to the parties."  See Manual Complex Lit. § 10.221 (4th ed. 2004).

## IV. CONCLUSION

For the foregoing reasons, the NCAA respectfully requests that the Court deny the pending motion and grant such further relief as it deems appropriate.

Dated:  May 28, 2019

Respectfully submitted,

*/s/ Mark S. Mester*
Mark S. Mester, Counsel for Defendant
National Collegiate Athletic Association

Mark S. Mester
  Illinois Bar No.:  6196140
  mark.mester@lw.com
Johanna M. Spellman
  Illinois Bar No.:  6293851
  johanna.spellman@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

## CERTIFICATE OF SERVICE

I, Mark S. Mester, certify that on May 28, 2019, a true and correct copy of the foregoing The NCAA's Opposition To Plaintiffs' Motion For Clarification Of Appointed Counsel's Responsibilities was filed through the CM/ECF system, which caused notice to be sent to all counsel of record.

/s/ Mark S. Mester
Mark S. Mester
  mark.mester@lw.com
  Illinois Bar No.: 6196140
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois, 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767