IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE: NATIONAL COLLEGIATE ATHLETIC ASSOCIATION STUDENT-ATHLETE CONCUSSION INJURY LITIGATION – SINGLE SPORT/SINGLE SCHOOL (FOOTBALL) | Master Docket No. 16 CV 8727<br><br>MDL No. 2492<br><br>Sample Case Nos. 16 CV 9980<br>17 CV 1402<br>17 CV 4975<br>17 CV 4978<br><br>Judge Manish S. Shah |

## ORDER

The stay is partially lifted to allow the Southeastern Conference to file a single omnibus motion to dismiss for lack of personal jurisdiction. That motion is due 5/25/23. Plaintiffs' response is due 6/15/23; reply is due 6/29/23. Plaintiffs' motion to proceed with issues-based class certification in the sample cases is due 5/18/23. Defendants' response is due 6/8/23; plaintiffs' reply is due 6/22/23.

*Background*

The sample cases had been on track to proceed to class-certification motions, on the understanding that plaintiffs would proceed under Federal Rule of Civil Procedure 23(b)(3) and seek certification of classes seeking compensatory and punitive damages. *See e.g., Richardson v. The National Collegiate Athletic Association*, Case No. 16 CV 9980, Dkt. No. 1 at p. 20 (¶ 85) and p. 34 (Prayer for Relief ¶ C) (N.D. Ill.). Fact discovery on issues relating to class certification was scheduled to close on January 20, 2023. In December 2022, plaintiffs disclosed that they no longer intended to seek class certification under Rule 23(b)(3), but instead would only move to certify issues for class-wide resolution under Rule 23(c)(4). The defendants argue that it would be prudent to require amendment of the complaints to formalize plaintiffs' abandonment of Rule 23(b)(3) and to tee up motion practice over whether plaintiffs should be allowed to even attempt Rule 23(c)(4) issue-based certification.

Back in March 2020, the court dismissed defendant Southeastern Conference from *Richardson* for lack of personal jurisdiction. *Richardson*, No. 16 CV 9980, Dkt. No. 64 (N.D. Ill. March 30, 2020). About a year later, the court entered a final

judgment in favor of the Southeast Conference under Rule 54(b). *Richardson*, No. 16 CV 9980, Dkt. No. 100 (N.D. Ill. March 19, 2021). Plaintiff did not appeal. The Southeastern Conference, no longer a party in any sample case, wants to apply the *Richardson* personal-jurisdiction decision to the stayed cases in which it has been named.

*Personal Jurisdiction over the Southeastern Conference*

The court lifts the stay on the non-sample cases in limited part. *Richardson* is a sample case, and it would be consistent with the point of sampling to apply that case to other cases in the MDL. The Southeastern Conference may file a single omnibus motion to dismiss, identifying each member case in which it is a defendant and for which it seeks dismissal on the basis of lack of personal jurisdiction and the reasoning of *Richardson*. The motion should, of course, also explain why personal jurisdiction is absent in each case. Lead counsel for plaintiffs must file a response (which can include an argument that there is too much factual variation in the cases to be amenable to omnibus treatment and the personal-jurisdiction issue should return to the back burner). The Southeast Conference may then file a reply and the court will enter an order. No other conference, individual institution, or the NCAA may raise personal-jurisdiction arguments under this process.

All filings should be on the docket in 16 CV 8727, and counsel for the Conference has leave to file the motion and reply on that docket.

*Class Certification*

An amended complaint is not required. The scope of a requested class and the relief requested can change over the life of a lawsuit and plaintiffs are not required to amend their complaint. Here, plaintiffs have expressly abandoned any attempt to certify a class action under Rule 23(b)(3) to seek class-wide damages. An amended complaint is not necessary to memorialize that decision. This applies not only to the sample cases but to all cases in this MDL. Plaintiffs' counsel's hedge that they might seek certification of a Rule 23(b)(3) class in the stayed cases if some change in the law occurred is not sufficient to preserve that option. The sample cases exist to represent the stayed cases and the approach to class certification in the sample cases applies to the stayed cases too. Plaintiffs have made their choice, effective on March 22, 2023, based on counsel's representation in open court (if not earlier based on counsel's representations in the February 10, 2023 status report or in earlier communications with defense counsel).

It seems the point of this MDL was to see if a Rule 23(b)(3) damages class action could be maintained. If that's not plaintiffs' goal, then maybe this MDL has outlived its purpose. But so long as plaintiffs continue to seek some sort of class

certification, coordination likely has some benefit and is consistent with the premise of this MDL.

Shifting from damages-class certification under Rule 23(b)(3) to issue-based class certification might, in the abstract, narrow a dispute and lower costs. The parties could simply brief a motion for class certification. But it's not that simple in this case. The issues plaintiffs have identified for possible certification would not, if resolved in plaintiffs' favor, necessarily determine liability. Plaintiffs have identified issues that if resolved against them would end the cases. That approach seems to be focused on whether plaintiffs are going to lose, not win. That seems unusual (and a possible concern under Rule 23(a)(4)). Then again, viewing settlement (not adjudication) as the goal of MDL coordination has become typical. In any event, other questions come to mind from plaintiff's plan. What are the practical and legal consequences to absent class members of resolving issues for a Rule 23(b)(1) class for which Rule 23(c)(2)(B) notice would not apply? Does a Rule 23(b)(1) class action prohibit any class member from pursuing a separate case for damages? If this court certified issues for a Rule 23(b)(1) class action, should this MDL transferee court continue to resolve any aspect of those issues or the merits of the dispute, or should all cases return to their original courts? What procedures would follow from a Rule 23(b)(1) class action with Rule 23(c)(4) issues-only certification? Will the individual plaintiffs in the sample cases pursue relief on their complaint if class certification is limited to certain issues? Does the settlement in the companion case prohibit plaintiffs from maintaining a class action that does not seek damages for bodily injury? If plaintiffs seek certification under Rule 23(b)(1) or (b)(3) and Rule 23(c)(4), but do not seek any relief in the sample cases, what kind of trial would follow from such a grant, and would it foreclose individual damages actions? Do the answers to any of these questions affect the analysis of class certification under Rules 23(a), (b)(1) or (b)(3), and (c)(4)? These questions are not exhaustive, and the parties are free to raise and address other arguments for or against plaintiffs' proposal.

Plaintiffs' request for class certification will proceed in two steps. First, plaintiffs must file a motion justifying the viability of a class action on specific issues under Rule 23(c)(4) based on the facts developed over the past several years of litigation. In the motion, plaintiffs must identify the issues they seek to certify for class-wide resolution, define the class, and make a threshold showing of an ability to prevail on the requirements for class certification under Rule 23. Plaintiffs are free to argue now for class certification outright. If they do not, plaintiffs must identify what additional discovery is necessary to continue to pursue class certification. But I warn the parties that I may not allow much, if any, fact discovery at this stage of the case. The parties should have completed all fact discovery by now. Plaintiffs must also explain the procedures that would follow from a grant of class certification. If I conclude that class certification is not viable under plaintiffs' framework, the motion will be denied and class certification will be denied in all cases in the MDL. If I

conclude that class certification can be granted outright or should be developed in a second stage of briefing (and if necessary, discovery), the court will set a schedule for next steps.

ENTER:

Date: April 26, 2023

_____

Manish S. Shah
U.S. District Judge